HELENA WATER WORKS CO., APPELLANT, v. SETTLES,
COUNTY TREASURER, RESPONDENT.

(No. 2,520.)

(Submitted May 5, 1908. Decided May 18, 1908.)

[95 Pac. 838.]

*Taxation—Water Rights—Where Assessable.*

Taxation—Water Rights—Personal Property.
  1. For purposes of taxation a water right is personal property.
Same—Water Rights—Where Assessable.
  2. Under section 3716, Political Code, providing that the personal property of water companies must be listed and assessed in the county, town or district where the principal works are located, a water right of such a corporation was properly assessed in a school district where its place of business and principal works were located, and into the limits of which the water was conveyed by pipe-lines for distribution to the inhabitants thereof.

*Appeal from District Court, Lewis and Clark County; Thos. C. Bach, Judge.*

ACTION by the Helena Water Works Company against W. M. G. Settles, treasurer of Lewis and Clark county. From a judgment against plaintiff, it appeals. Affirmed.

*Mr. M. S. Gunn,* for Appellant.

The right of the plaintiff to divert and use the waters of Ten Mile creek is an incorporeal hereditament, and has no existence or *situs* separate or apart from the stream at the points where the diversions are made. The water, after it is diverted into the pipe-line, becomes personal property. No attempt has been made to tax this personal property, but the assessment was an assessment of the water rights. As these water rights had no *situs* within the limits of school district No. 1, there was no power or authority to make the assessment complained of, and the tax is clearly illegal. (*Bear Lake etc. Co.* v. *Odgen City,* 8 Utah, 494, 33 Pac. 135, 17 L. R. A. 243; *Dunsmuir* v. *Port Angeles W. etc. Co.,* 24 Wash. 104, 63 Pac. 1095; *People ex*

*rel. Heyneman* v. *Blake,* 19 Cal. 579; *Parks Canal Co.* v. *Hoyt,.*
57 Cal. 44; *Wyatt* v. *Larrimer etc. Co.,* 18 Colo. 298, 36 Am.
St. Rep. 280, 33 Pac. 144.)

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,*
Assistant Attorney General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

This action was brought by the Helena Water Works Company
to recover certain money paid under protest to the county treas-
urer of Lewis and Clark county for taxes assessed upon prop-
erty of the company for the year 1906.   The water company
is the owner of a water right of 550 inches in Ten Mile creek.
The water is diverted from the creek at a point without the
limits of school district No. 1, and then conveyed by pipe-lines
into the city of Helena and into school district No. 1, where it
is distributed to the city and its inhabitants for use; in other
words, the company owns and operates a waterworks system
in the city of Helena by bringing this water from Ten Mile
creek into the city and distributing it for use.   For the year
1906 this water right was assessed as property of the company
subject to taxation within school district No. 1.   Relief was
sought from the board of equalization, but the relief refused,
and the taxes paid under protest.   To a complaint setting forth
these facts much more in detail a general demurrer was in-
terposed by the county and sustained by the court, and plain-
tiff, electing to stand upon its complaint, suffered judgment to
be taken against it, and from that judgment this appeal is
prosecuted.

Only one question is presented for determination, viz.: Was
plaintiff's water right "property" subject to taxation within
school district No. 1 for the year 1906?   It apears that school
district No. 1 includes all of the city of Helena and some
additional territory.   In our view of the case this question is
to be resolved by reference to our Political Code.   We need not

enter into any discussion of the particular characteristics of a water right, or determine whether a water right of the character of this one under consideration is an easement in gross, or otherwise an incorporeal hereditament; for while our Political Code, in section 16, gives general definitions of the terms "property," "real property," and "personal property," the same Code, by section 3680, classifies every species of property for the purpose of taxation, and we are limited by this classification in determining how this property should be assessed. Section 3680 above provides that the term "property" shall include moneys, credits, bonds, stocks, franchises, and all other matters and things, real, personal and mixed, capable of private ownership, and this is the definition given in the Constitution. (Article XII, sec. 17.) The same section of the Code provides that "real estate" shall include the possession or ownership of, or claim or right to, land; also mines, minerals, and quarries; also all timber belonging to individuals or corporations growing or being on lands of the United States, and all rights and privileges appertaining thereto. The term "improvements" includes all buildings, structures, fixtures, fences and improvements erected upon or affixed to the land. "Personal property" includes everything which is subject to ownership and not included within the meaning of "real estate" or "improvements." We are furnished here this classification which comprehends every species of property, and by process of elimination we may readily ascertain within which of the classes the particular property under consideration falls.

In this state a water right is the legal right "to the use of any unappropriated water of any natural stream, watercourse, spring, dry coulee, or other natural source of supply, and of any running water flowing in the streams, rivers, canyons and ravines of this state." Necessarily this right is a wholly intangible thing, a mere creature of the mind, which exists only in contemplation of law. It is not a right or claim to land; neither is it the possession or ownership of land. It cannot be comprehended within the meaning of mines, minerals, quarries or tim-

ber belonging to private owners and growing on public land, or a right or privilege appertaining thereto. Neither can it come within the meaning of the term "improvements." It must of necessity, therefore, for the purposes of taxation, be personal property belonging to this corporation, whose place of business and principal works are in the city of Helena and within school district No. 1. This being so, it was properly assessed as property subject to taxation within school district No. 1; for section 3716 of the Political Code provides: "The personal property and franchises of gas and water companies must be listed and assessed in the county, town or district where the principal works are located."

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and the HONORABLE GEORGE B. WINSTON, Judge of the Third Judicial District, sitting in place of MR. JUSTICE SMITH, concur.

Rehearing denied June 6, 1908.