BRADY IRRIGATION CO., Respondent, *v.* TETON COUNTY
ET AL., Appellants; ACKROYD ET AL., Interveners and
Respondents.

(Submitted November 21, 1938.   Decided December 6, 1938.)

(No. 7,881.)

[85 Pac. (2d) 350.]

*Mr. Stephen M. Swanberg,* Special Deputy County Attorney of Defendant Teton County, for appellants, submitted a brief, and argued the cause orally.

*Messrs. Church & Jardine, Mr. J. W. Freeman* and *Mr. Ernest Abel,* for Respondent, submitted a brief; *Mr. Abel* and *Mr. J. P. Freeman* argued the cause orally.

*Messrs. Wood & Cook,* for Interveners, submitted a brief; *Mr. Fred D. Moulton,* of counsel, argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This action was brought to secure a permanent injunction against the members of the board of county commissioners and the treasurer of Teton county to restrain them in their official capacities from securing a tax deed. The county was

a party defendant. Judgment went against the defendants, and the county alone has appealed from the judgment.

In 1906 the Teton Cooperative Reservoir Company was organized as a corporation under the laws of Montana as a mutual company for the sole purpose of storing water and delivering it to its stockholders for irrigation, and not for profit. Its capital stock was divided into 1,000 shares. Each share of the capital stock of this company entitled the holder to the use, during the irrigation season of each year, to a "1/1000th part of the waters, water rights and irrigation facilities and systems" of the company, including the right to lease, pledge, sell and dispose of such use.

A reservoir site was set apart by the Department of the Interior, and some 500 acres of land in addition was acquired by this corporation, on which a dam was constructed. Water was impounded in the reservoir and distributed to the stockholders. Following the construction of the reservoir, the taxing authorities of Teton county assessed and levied the usual property taxes on the lands owned in fee, the reservoir, site, dams, ditches, canals and other like property belonging to this corporation. As a result of the delinquency of some or all of these taxes, these authorities threatened to take a tax deed covering this property of the corporation.

The stock of this corporation is owned as follows: 804 shares by the Bynum Irrigation District, a public corporation, which was created under our irrigation district law; 156 shares by the plaintiff Brady Irrigation Company, and some 40 shares by certain individuals. Each holder of a share of the Brady Irrigation Company represents and controls 1/500th part of all of the waters appropriated and diverted by the corporation and is entitled to control the use of such waters subject to the rules and regulations of the corporation. The interveners are the holders of bonds issued by the Bynum Irrigation District.

The owners of the stock in the Teton Cooperative Reservoir Company do not own the equitable title to the property of that corporation, but their relation to it is one of contract.

(*Hyink* v. *Low Line Irr. Co.*, 62 Mont. 401, 205 Pac. 236; *Dyk* v. *Buell Land Co.*, 70 Mont. 557, 227 Pac. 71.) These contracts give to the stockholder the right to receive, through the irrigation facilities of the Teton Company, his pro rata share of the water stored. The shareholder in the plaintiff company likewise has a contractual right to his pro rata share of the water received by that company. These rights, when used on certain lands, become appurtenant to such lands. (Sec. 6671, Rev. Codes.) The aggregate value of all of these rights is the total value of the property owned by the Teton Company, and its property has no other use than the storing and distribution of water in performance of these contractual rights.

This court said in the case of *Hale* v. *County of Jefferson,* ██ 39 Mont. 137, 101 Pac. 973, 975: "Viewed as independent property rights, ditches and the right to use the water conveyed by them are property subject to taxation; but, when made appurtenant to lands, they have no independent use. So situated and used, the value of this species of property enters as an element into the value of the corpus or principal estate to which it is attached or appurtenant, and bears its proportionate burden of taxation by the added taxable value which it gives to the principal estate. * * * 'The rule of property taxation is ██ that the value of the property is the basis of taxation. It does not mean a tax upon the earnings which the property makes, nor for the privilege of using the property; but rests solely upon the value. But the value of property results from the use to which it is put and varies with the profitableness of that use, present and prospective, actual and anticipated. There is no pecuniary value outside of that which results from such use.' (*Cleveland etc. Ry. Co.* v. *Backus,* 154 U. S. 439, 14 Sup. Ct. 1122, 38 L. Ed. 1041.) To illustrate: A ditch and water right, attached to agricultural lands, add a large element of value to them, by contributing to their productiveness, which, in turn, determines their actual value. They are taxed when the lands are taxed upon their value thus increased."

In the case of *Verwolf* v. *Low Line Irr. Co.,* 70 Mont. 570, ██ 227 Pac. 68, 71, this court said: "A water right—a

right to the use of water—while it partakes of the nature of real estate (*Middle Creek Ditch Co.* v. *Henry,* 15 Mont. 558, 39 Pac. 1054), is not land in any sense, and, when considered alone and for the purpose of taxation, is personal property. (*Helena Water Works Co.* v. *Settles,* 37 Mont. 237, 95 Pac. 838.) When considered otherwise, it is not subject to taxation independently of the land to which it is appurtenant.''

We concede the rules announced in the cases of *Barnes* v. *Smith,* 48 Mont. 309, 137 Pac. 541, *State ex rel. Bankers' Trust Co.* v. *Walker,* 70 Mont. 484, 226 Pac. 894, and *Sun River Stock & Land Co.* v. *Montana Trust & Sav. Bank,* 81 Mont. 222, 262 Pac. 1039, to be correct. In those cases there were considered corporations organized for profit. In such corporations the stockholder acquires the right to share in the profits, if any, in the form of dividends. Here the stockholders gain a right to secure water from the corporation to irrigate their lands.

While the general rule is that courts will not ordinarily look behind the veil of the corporate entity, it at times becomes material ''to consider what is this thing which is described as a 'corporation.' '' (*Palmolive Co.* v. *King,* 1933 Canada L. R. 131.) The Supreme Court of the United States has not hesitated, when the facts warranted it, in looking behind the veil of the corporate entity in tax cases, as is illustrated by the cases of *Southern Pac. Co.* v. *Lowe,* 247 U. S. 330, 38 Sup. Ct. 540, 62 L. Ed. 1142, and *Gulf Oil Corp.* v. *Lewellyn,* 248 U. S. 71, 39 Sup. Ct. 35, 63 L. Ed. 133.

The judgment is affirmed.

Mr. Chief Justice Goddard and Associate Justices Stewart, Morris and Angstman concur.