THE STATE OF MONTANA EX REL. HOWARD H. LORD, JOHN C. ALLEY AND J. MORLEY COOPER, AS MEMBERS OF AND CONSTITUTING THE STATE BOARD OF EQUALIZATION OF THE STATE OF MONTANA, RELATORS, *v.* THE DISTRICT COURT OF THE EIGHTH JUDICIAL DISTRICT OF THE COUNTY OF CHOUTEAU, AND THE HONORABLE PAUL G. HATFIELD, THE JUDGE THEREOF, RESPONDENTS.

No. 11765.
Submitted Oct. 30, 1969.
Decided Nov. 18, 1969.
Rehearing Denied Dec. 29, 1969.
463 P.2d 323.

Leo J. Kottas, Jr., argued, Helena, for relators.

Dola N. Wilson, Jr., argued, Fort Benton, for respondents.

PER CURIAM:

This is an original proceeding in which relator, State Board of Equalization, seeks an original writ from this Court to set aside a permanent injunction issued by respondent court.

Relator filed its petition in this Court on October 14, 1969. On that day counsel for relator was heard ex parte and an order issued directing respondents to appear before this Court on October 28, 1969 to show cause why the permanent injunction should not be quashed, vacated, annulled and set aside. On October 28, 1969 counsel for both parties appeared in oral argument.

The fact situation here prevailing is that on June 18, 1969 relator informed the boards of county commissioners in all counties of Montana, by directive, that it was revising the grading and valuation of non-irrigated farm land. This directive was issued pursuant to the statutory duties of relator provided in section 84-429.12, R.C.M.1947. Thereafter an informal hearing was held between relator and the county commissioners of Chouteau County, at the request of relator. The commissioners of Chouteau County informed relator on July 10, 1969 they would not comply with the directive. On July 18 relator informed the Chouteau County commissioners that a formal hearing was to be held at Fort Benton, Montana on August 13 pursuant to section 84-710, R.C.M.1947. The meeting was for the purpose of determining whether the commissioners were classifying dry farm land as required under section 84-429.7, R.C.M.1947. The record does not so indicate, but apparently the hearing was rescheduled for September 8.

Prior to that date, on September 3 the Chouteau County commissioners filed a declaratory judgment action against relator and also requested a temporary restraining order and an order to show cause. On September 4 the respondent court issued the temporary restraining order, restraining relators from going ahead with the scheduled hearing or from imposing or enforcing the directive of June 18, 1969. Relators thereupon moved to quash the temporary restraining order and the respondent court denied the motion and made permanent the restraining order.

Relator submits that it has jurisdiction and authority to hold a hearing under provisions of section 84-710, R.C.M.1947, for the purpose of ascertaining whether Chouteau County is properly classifying, grading and valuing its dry farm land in accordance with the schedules set by relator under sections 84-429.7 through 429.13, R.C.M.1947.

Respondents, on the other hand, contend that the relevant sections 84-429.7 through 429.13, R.C.M.1947, were and are terminated by the five (5) year statute of limitations contained in section 84-429.10, R.C.M.1947.

Section 84-429.10, R.C.M.1947, provides:

"It is the intent of this act that classification and appraisal be initiated expeditiously, but in no event later than July 1, 1957 and shall be completed not later than five (5) years from the effective date of this act."

This section respondents claim is a statute of limitations on the Classification and Appraisal Act. We cannot agree with this contention.

Section 84-429.7, R.C.M.1947, provides in part as follows:
"* * *"

"After compliance with the other provisions of this act, it shall be the duty of the board of county commissioners to maintain current, the classification of all taxable lands and appraisal of city and town lots, and rural and urban improvements, as provided for herein."

Section 84-429.12, R.C.M.1947, provides in part as follows:

"It is hereby made the duty of the state board of equalization to implement the provisions of this act by providing:

"1. For a general and uniform method of classifying lands in the state of Montana for the purpose of securing an equitable and uniform basis of assessment of said lands for taxation purposes.

"* . *  * "

In 1959 when Honorable Forrest H. Anderson was the Attorney General of Montana he analyzed these statutes in 28 Opinions of Attorney General 58, Opinion No. 30. We quote with approval the following language from this opinion:

"The intention of the Legislature is clear: the county commissioners are to reclassify and appraise all taxable lands within their respective counties; the reclassification and appraisal is to be completed by July 1, 1962; after that date the county commissioners are to maintain current the classification and appraisal. The duty of the state board of equalization, the only other state office mentioned in the act, is to provide a general and uniform method of classifying and appraising the property to the local boards of county commissioners. The boards of county commissioners must use the method of classification and appraisal supplied by the state board of equalization, but the mode in which the work is to be accomplished is left to their discretion. The language in the act is clear and it must be construed and applied in accordance with its apparent meaning."

Thus the boards of county commissioners have the duty, after July 1, 1962 to continue the reclassifying of property, using the schedule of classification and appraisal which is supplied to them by the State Board of Equalization.

Under the authority of section 84-710, R.C.M.1947, relator has the power to hold hearings when it contemplates changing the assessment of any property in the state. But the district court has enjoined relator from holding such hearings.

Section 93-4203, R.C.M.1947, provides in part as follows:

"An injunction cannot be granted:

\*　　\*　　\*　　\*　　\*　　\*　　\*

"4. To prevent the execution of a public statute, by officers of the law, for the public benefit; \* \* \*."

Section 93-9201, R.C.M.1947, provides in part as follows:

"The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal \* \* \* whether exercising functions judicial or ministerial, when such proceedings are without or in excess of the jurisdiction of such tribunal \* \* \*."

Here the district court was acting in excess of its jurisdiction by granting the injunction and thereby enjoining the Board of Equalization from executing statutes for the benefit of the public.

The permanent injunction should be quashed, vacated, annulled and set aside.

Let the writ issue for that purpose.