MARY MOHLAND, Plaintiff and Applicant, v. STATE BOARD OF EQUALIZATION and JOHN ALLEY, J. MORLEY COOPER, and HOWARD LORD and MISSOULA COUNTY, Defendants and Respondents.

No. 11800.
Submitted February 6, 1970.
Decided March 12, 1970.
466 P.2d 582.

50

Norma Mohland and Herman Mohland, pro se.

Leo J. Kottas, Jr., Helena, Harold Pinsoneault, County Atty., Missoula, for defendants and respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an application for a writ of certiorari requesting this Court to review an order of the State Board of Equalization (hereafter referred to as the board). Applicants, Herman Mohland, son and daughter respectively of Mary Mohland, plaintiff herein, were appointed agents by Mary Mohland to prosecute this cause. Since plaintiff is not represented by counsel we issued an order on December 23, 1969 that this cause be submitted on briefs and no oral argument would be required.

This action arose in Missoula county. On July 22, 1969 plaintiff requested a reduction in the assessed valuation of a tract of land she owned consisting of 46.43 acres and the improvements thereon. On August 5, 1969 a hearing was conducted by the Missoula County Commissioners (hereafter referred to as commissioners), sitting as the county board of equalization. On August 8, the commissioners returned their decision denying the requested reduction. This decision was appealed to the board. Thereafter a hearing was held in Helena, Montana and on September 26, 1969 the board denied plaintiff's appeal. From this denial plaintiff seeks a writ of review from this Court.

The facts are not in dispute. The land is situated on the west side of the City of Missoula, near the old Mullan Road. The land is adjacent to old United States Highway No. 10 and is directly within the expanding commercial interests on Missoula's west side. In 1969 the lands were assessed at $18,570; the improvements on the land were assessed at $2,330. Plaintiff seeks

to have the lands assessed at $1,233.32 and the improvements assessed at $505.

Plaintiff submits several matters for this Court's determination which we have resolved into three basic issues.

1. Whether the board possesses jurisdiction and authority to direct and sanction the classification, appraisal and assessment of rural and urban improvements using "market value" as a basis and classifying them according to a use or uses other than those to which the land is actually devoted.

2. Whether the tax burden imposed on plaintiff's land is violative of Article XII, Section 11, of the Montana Constitution.

3. Whether the tax burden imposed on plaintiff's land is violative of the equal protection and due process provisions of the fourteenth amendment to the United States Constitution. The issues will be discussed in the order they have been presented.

Article XII, Section 11, of the Montana Constitution provides as follows:

"Taxes shall be levied and collected by general laws and for public purposes only. They shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax."

Article XII, Section 15, of the Montana Constitution provides in part as follows:

"* * * The state board of equalization shall adjust and equalize the valuation of taxable property among the several counties, and the different classes of taxable property in any county and in the several counties and between individual taxpayers; supervise and review the acts of the county assessors and county boards of equalization; change, increase, or decrease valuations made by county assessors or equalized by county boards of equalization; and exercise such authority and do all things necessary to secure a fair, just and equitable valuation of all taxable property among counties, between the different classes of property, and between individual taxpayers. Said state board of

equalization shall also have such other powers, and perform such other duties relating to taxation as may be prescribed by law.''

Section 84-429.12, R.C.M.1947, provides in part as follows:

''It is hereby made the duty of the state board of equalization to implement the provisions of this act by providing:

1. For a general and uniform method of classifying lands in the state of Montana for the purpose of securing an equitable and uniform basis of assessment of said lands for taxation purposes.

''All lands shall be classified according to their use or uses and graded within each class according to soil and productive capacity. * * *''

Section 84-708, R.C.M.1947, provides in part as follows:

''It shall be the duty of the board and it shall have power and authority in addition to any authority under the present statutes:

\* \* \* \* \* \* \* \*

'' (5) To adjust and equalize the valuation of taxable property among the several counties, and the different classes of taxable property in any county and in the several counties and between individual taxpayers; supervise and review the acts of county assessors and county boards of equalization; change, increase or decrease valuations made by county assessors or equalized by county boards of equalization; and exercise such authority and do all things necessary to secure a fair, just and equitable valuation of all taxable property among counties between the different classes of property and between individual taxpayers.

'' (6) To have and exercise general supervision over the administration of the assessment and tax laws of the state, and over assessors, county boards of equalization, boards of county commissioners, and other officers of municipal corporations, having any duties to perform under any of the laws of this state relating to taxation to the end that all assessments of property be made relatively just and equal at true value in substantial

compliance with law, and to supervise the administration of all revenue laws of the state and assist in their enforcement, * * *."

Plaintiff's first contention is that the designation "suburban tract" given to her land by defendant board does not reflect the "actual" use to which the land is devoted and thus is not classified or assessed in accordance with the provisions of section 84-429.12, supra. With this we cannot agree. Nor can we agree with the proposition that "market value" is an improper basis for assessments. The term "value" has been discussed by this Court in a previous tax question in Brady Irrigation Co. v. Teton County, 107 Mont. 330, 85 P.2d 350, and at page 333, 85 P.2d at page 351 we quoted the United States Supreme Court decision Cleveland, C. C. & St. L. Ry. Co. v. Backus, 154 U.S. 439, 14 S.Ct. 1122, 38 L.Ed. 1041, as follows:

" 'The rule of property taxation is that the value of the property is the basis of taxation. It does not mean a tax upon the earnings which the property makes, nor for the privilege of using the property, but rests solely upon the value. *But the value of property results from the use to which it is put and varies with the profitableness of that use, present and prospective, actual and anticipated.* There is no pecuniary value outside of that which results from such use.' " (Emphasis supplied.) The United States Supreme Court was deciding a question concerning taxing of a railroad in the above case, but the rule concerning value applies nevertheless. The Court went on in 154 U.S. at page 446, 14 S.Ct. at page 1124 to say this: "It is enough for the state that it finds within its borders property which is of a certain value. *What has caused that value is immaterial.*" (Emphasis supplied.) Applying the above reasoning to the case at bar, it is evident that the "market value" is a proper basis upon which plaintiff's property has been assessed. The board has selected the market value since the plaintiff's property, although used for agricultural purposes, is really more valuable as commercial (suburban) property as witnessed by the evidence adduced before the board concerning

verified sales, options, and offers to purchase the land. There obviously is a present demand for the land under consideration for a use that justifies a higher value than can be economically justified in agricultural use. So long as this is a "general and uniform method of classifying lands" in the state there can be no argument that it is an improper method of classification. Plaintiff argued before the commissioners and argues here that certain property owned by Elmer Flynn, which is located some five miles from plaintiff's property is used basically for the same purposes. Plaintiff argues that Flynn's property is assessed at a much lower rate than hers. First we must point out that a neighbor's property valuation is totally immaterial. As we said in State ex rel. Schoonover v. Stewart, 89 Mont. 257, 275, 297 P. 476, "if his own assessment is not out of proportion, as compared with valuations generally on the same roll, it is immaterial that some one neighbor is assessed too little; and another too much." Also it must be recognized that the location of this property is quite important to its valuation. From the record of the Commissioner's hearing the following exchange took place at p. 28:

F. Barclay "I refuse to recognize the Elmer Flynn property as ocmparable to the Mohland property. We would disagree on this.

H. Mohland "Well, the reason I referred to it is if you are talking of fair market values—if you like we can discuss the property in isolation. I believe the assessed value for the highest grade of land is $41.60 per acre. What would be a fair market value from that assessed value? 2½ times—$104. Mr. Barclay, do you think that Mr. Flynn would sell you that land for $104 per acre?

F. Barclay "No, I don't. He just sold some for $1000 an acre *and you just sold some for $10,000 an acre,* so I'd suggest that we don't go into that too thoroughly." (Emphasis supplied.)

Other like testimony was elicited from Mr. Mohland at the board's hearing. For example at p. 17 of the board's transcript the following exchange took place:

"MR. BARCLAY: None of the land is offered for sale. Have you sold any land recently?

"MR. MOHLAND: What do you mean by recently sir?

"MR. BARCLAY: In the last 2 or 3 years?

"MR. MOHLAND: Yes.

"MR. BARCLAY: Did you make a sale to Mr. Rangitsch?

"MR. MOHLAND: Yes.

"MR. BARCLAY: How much an acre was that sale for?

"MR. MOHLAND: What part of the land are you speaking?

"MR. BARCLAY: The 2 acres directly in back of the P.I.E. property.

"MR. MOHLAND: How much per acre?

"MR. BARCLAY: Yes sir.

"MR. MOHLAND: As near as I can recall $9,000 an acre. $9,000 per acre sir."

Later, in the same transcript, it is indicated by Vern Stoterau, the Missoula county appraiser, that several pieces of property which surround the property of plaintiff have been sold in the last two years. Of these sales the lowest price was about $3,000 per acre. The highest price that has been asked for one acre is $23,000. Other prices range between these two. Thus it is obvious that the board had sufficient knowledge from which to determine the market value of the property in question here.

■ Plaintiff's second and third issues question the constitutionality of the methods used by defendant in applying the tax statutes to her property. Plaintiff claims that the tax burden imposed upon her lands is violative of Article XII, Section 11, of the Montana Constitution. But she fails to set forth any reason for this claim.

Plaintiff then argues that her federal constitutional rights to due process and equal protection have been violated. This, she argues, came about when her property was classified at a greater value than that of Elmer Flynn's property. She sets forth a quote from the United States Supreme Court decision, Southern Railway Co. v. Greene, 216 U.S. 400, 417, 30 S.Ct. 287, 291, 54 L.Ed. 536.

"While reasonable classification is permitted, without doing violence to the equal protection of the laws, such classification must be based upon some real and substantial distinction, bearing a reasonable and just relation to the things in respect to which such classification is imposed; and classification cannot be arbitrarily made without any substantial basis."

This court has generally followed as controlling precedent the rulings of the United States Supreme Court concerning constitutional rights. However, nothing has been shown to this Court here that plaintiff's constitutional rights have been violated. Her property is being classified on a "real and substantial distinction," i. e., "market value." This classification bears a "reasonable and just relation" to the lands upon which it is imposed; and the classification is made with a substantial basis, i. e., other property within this general area is classified uniformly with hers.

Therefore it is quite evident that the methods used by defendant board in classifying property for tax purposes are constitutional.

Finding no error in the board's holding of September 26, 1969, denying plaintiff's appeal, the petition for writ of review is hereby denied.

MR. JUSTICES CASTLES, HASWELL, JOHN C. HARRISON and BONNER, concur.