WALTER W. MITTELSTADT, et al., Plaintiffs and Appellants, v. DONALD C. BUCKINGHAM, et al., Defendants and Respondents.

No. 11925.
Decided Feb. 10, 1971.
480 P.2d 831.

Murphy, Robinson, Heckathorn & Phillips, Kalispell, James Murphy, argued, Kalispell, for appellants.

Baldwin & Jellison, Kalispell, M. Dean Jellison, argued, Kalispell, Edward J. Bell, argued, Helena, for respondents.

MR. JUSTICE CASTLES delivered the opinion of the court.

This is an appeal from a portion of an order of the district court of the eleventh judicial district, Flathead County, which order for summary judgment found that a notice of classification and appraisal given by Flathead County did not comply with section 84-429.11, R.C.M.1947. The portion of the order for summary judgment appealed from is the court's declination to further litigate other questions, as will appear hereinafter.

A large group of landowners in Flathead County brought action against the county commissioners and the State Board of Equalization. It was denominated a class action for declaratory judgment. It sought declarations interpreting sections 84-429.7 through 84-429.12, R.C.M.1947; and declarations as to the constitutionality of those sections; and whether section 84-429.10 required completion of classification and appraisal of lands not later than March 9, 1962. It further sought a writ of mandate to compel the defendants to correctly interpret and apply such sections; to enjoin the assessment and collection of taxes based upon allegedly erroneous interpretations; and, for costs of suit and attorney fees.

Defendants appeared by way of motion to dismiss and motion for summary judgment. Plaintiffs responded by motion for summary judgment. The trial court granted plaintiff's motions in part, finding that the *notice* of classification and appraisal did not comply with section 84-429.11.

Plaintiffs thereafter moved for an order pursuant to Rule 56(d), M.R.Civ.P., specifying the facts that appeared without controversy and the facts remaining to be determined upon a trial. Plaintiffs also sought an injunction to enjoin the County from assessing and collecting any taxes from members of the class based upon the classification of their lands. The court denied the motion.

One of the plaintiff landowners then sought a writ of supervisory control from this Court seeking to require the district court to either decide the alleged remaining issues or set the same for trial. This Court denied the application.

This appeal then is from that portion of the district court's order whereby the court excluded from the order and refused to rule on the remaining issues or to set the same for trial.

Plaintiffs own rural lands, formerly classified as either timber or agricultural lands. The Flathead County appraisal office has, over a period of several years, reclassified over 50,000 acres. The lands would now be classified as suburban tracts and thus are assessed at a higher, sometimes much higher valuation.

Plaintiffs contend:

"1. That the notice of reclassification given to the landowners did not comply with the provisions of Section 84-429.11, R.C.M.1947.

"2. That the State Board did not have power to create new classes into which property is placed for the purpose of assessing property taxes.

"3. That the power to create new classes cannot be vested in the State Board of Equalization without violating the following Constitutional provisions: Article III, Section 27; Article XII, Section 1 and Article XII, Section 11 of the Constitution of the State of Montana and the Fourteenth Amendment to the Constitution of the United States of America.

"4. That such power to create new classes had been exercised by the state and county boards of equalization in an arbitrary, unjust and discriminatory manner.

"5. That such power to classify lands has been exercised by the state and county boards in an arbitrary, unjust and discriminatory manner.

"6. That the state and county boards cannot classify property for tax purposes on the basis of a use other than the actual use to which the property is devoted.

"7. That the value of property for taxation cannot be based upon any other use other than the actual use to which the property is devoted."

The district court in its order denying plaintiff's motions after judgment said:

"MEMO: Summary judgment was rendered in this case on

the basis that an inadequate notice had been given, and as a consequence, the plaintiffs prevailed. There was nothing further to be determined beyond that point, and the plaintiffs have no standing now to ask for a determination of further facts. The remedy is by a declaratory judgment action, for any determination by this Court now of further elements of controversy would be nothing more than dicta.''

The issues presented by appellants are:

''1. Failure of the District Court to include in its Order of May 12, 1970, a ruling with respect to the following issues raised by the Pleadings, to-wit: ·

''A. Whether the State Board has the power to create new classes into which property is placed for the purpose of assessing property taxes.

"B. Whether such power can be constitutionally vested in the State Board of Equalization.

''C. Whether such· power has been exercised in an arbitrary, unjust or discriminatory manner.

''D. Whether the State or County Board can classify property on the basis of a use other than the actual use to which the property is devoted.

''2. Failure of the District Court to grant Plaintiff's Motion filed pursuant to Rule 56(d), M.R.Civ.P. requesting an order specifying the facts that appear without substantial controversy and the facts remaining to be determined upon the trial of this action.

''3. Failure of the District Court to grant Plaintiff's Motion for an order enjoining and restraining the Defendants from assessing and collecting any taxes from Plaintiffs and all other similarily situated based upon the classification and appraisal of their lands as suburban tracts or from holding any hearings upon the question of classification and appraisal of such lands as 'Suburban Tracts' pending a final adjudication of all issues raised in this action.

''4. Failure of the District Court to set this case for trial upon the merits.''

Respondents, defendants below, have filed separate briefs. The State Board of Equalization's position, in a nutshell, is that since the statutory notice was not given for reclassification of the property, the remaining questions are abstract and moot. Flathead County agrees with that position but goes on to raise other matters, such as the necessity of other county officers, particularly the county treasurer, being necessary parties; that other suits by the same plaintiffs for recovery of taxes paid under protest are before the same court and thus the issues will be determined in what the county calls a proper suit.

As to subissues A, B, D and E of Issue No. 1 above, this Court has largely settled the law as will appear hereinafter. As to subissue C, each individual landowner, by the nature of the issues, might have completely different issues that would not fit a class action theory and the resolution of those issues would likely not fit the class generally. We have used the words "might" and "likely" to indicate just how speculative any discussion of those issues would be.

We choose to discuss subissues A, B, D and E of Issue No. 1 presented by appellants. Two recent decisions of this Court are relevant. They are State ex rel. Lord v. District Court, 154 Mont. 269, 463 P.2d 323, 324 decided November 18, 1969, and Mohland v. State Board of Equalization, 155 Mont. 49, 466 P.2d 582, decided March 12, 1970.

In *Mohland* this Court said:

"Plaintiff's first contention is that the designation 'suburban tract' given to her land by defendant board does not reflect the 'actual' use to which the land is devoted and thus is not classified or assessed in accordance with the provisions of section 84-429.12, supra. With this we cannot agree. Nor can we agree with the proposition that 'market value' is an improper basis for assessments. The term 'value' has been discussed by this Court in a previous tax question in Brady Irrigation Co. v. Teton County, 107 Mont. 330, 85 P.2d 350, and at page 333, 85

P.2d at page 351, we quoted the United States Supreme Court decision Cleveland, C. C. & St. L. Ry. Co. v. Backus, 154 U.S. 439, 14 S.Ct., 1122, 38 L.Ed. 1041, as follows:

" ' "The rule of property taxation is that the value of the property is the basis of taxation. It does not mean a tax upon the earnings which the property makes, nor for the privilege of using the property, but rests solely upon the value. *But the value of property results from the use to which it is put and varies with the profitableness of that use, present and prospective. actual and anticipated.* There is no pecuniary value outside of that which results from such use. (Emphasis supplied )" ' "

In *Lord* this Court said:

"The fact situation here prevailing is that on June 18, 1969 relator informed the boards of county commissioners in all counties of Montana, by directive, that it was revising the grading and valuation of non-irrigated farm land. This directive was issued pursuant to the statutory duties of relator provided in section 84-429.12, R.C.M.1947. Thereafter an informal hearing was held between relator and the county commissioners of Chouteau County, at the request of relator. The Commissioners of Chouteau County informed relator on July 10, 1969 they would not comply with the directive. On July 18 relator informed the Chouteau County commissioners that a formal hearing was to be held at Fort Benton, Montana on August 13, pursuant to section 84-710, R.C.M.1947. The meeting was for the purpose of determininig whether the commissioners were classifying dry farm land as required under section 84-429.7, R.C.M.1947. The record does not so indicate, but apparently the hearing was rescheduled for September 8. Prior to that date, on September 3, the Chouteau County commissioners filed a declaratory judgment action against relator and also requested a temporary restraining order and an order to show cause. On September 4 the respondent court issued the temporary restraining order, restraining relators from going ahead with the scheduled hearing or from imposing or enforcing the directive of June 18, 1969.

Relators thereon moved to quash the temporary restraining order and the respondent court denied the motion and made permanent the restraining order.

"Relator submits that it has jurisdiction and authority to hold a hearing under provisions of section 84-710, R.C.M.1947, for the purpose of ascertaining whether Chouteau County is properly classifying, grading and valuing its dry farm land in accordance with the schedules set by relator under sections 84-429.7 through 429.13, R.C.M.1947.

"Respondents, on the other hand, contend that the relevant sections 84-429.7 through 429.13, R.C.M.1947, were and are terminated by the five (5) year statute of limitations contained in section 84-429.10, R.C.M.1947.

"Section 84-429.10, R.C.M.1947, provides:

" 'It is the intent of this act that classification and appraisal be initiated expeditiously, but in no event later than July 1, 1957 and shall be completed not later than five (5) years from the effective date of this act.'

"This section respondents claim is a statute of limitations on the Classification and Appraisal Act. We cannot agree with this contention.

" Section 84-429.7, R.C.M.1947, provides in part as follows:
" '* * *

" 'After compliance with the other provisions of this act, it shall be the duty of the board of county commissioners to maintain current, the classification of all taxable lands and appraisal of city and town lots, and rural and urban improvements as provided for herein.'

"Section 84-429.12, R.C.M.1947, provides in part as follows:
" 'It is hereby made the duty of the state board of equalization to implement the provisions of this act by providing:

" '1. For a general and uniform method of classifying lands in the state of Montana for the purpose of securing an equitable and uniform basis of assessment of said lands for taxation purposes.
" '* * *'

"In 1959 when Honorable Forrest H. Anderson was the Attorney General of Montana he analyzed these statutes in 28 Opinions of Attorney General 58, Opinion No. 30. We quote with approval the following language from this opinion:

" 'The intention of the Legislature is clear: the county commissioners are to reclassify and appraise all taxable lands within their respective counties; the reclassification and appraisal is to be completed by July 1, 1962; after that date the county commissioners are to maintain current the classification and appraisal. The duty of the state board of equalization, the only other state office mentioned in the act, is to provide a general and uniform method of classifying and appraising the property to the local boards of county commissioners. The boards of county commissioners must use the method of classification and appraisal supplied by the state board of equalization, but the mode in which the work is to be accomplished is left to their discretion. The language in the act is clear and it must be construed and applied in accordance with its apparent meaning.'

"Thus the boards of county commissioners have the duty after July 1, 1962 to continue the reclassifying of property, using the schedule of classification and appraisal which is supplied to them by the State Board of Equalization."

See also our discussion in State ex rel. Board of Equalization v. Vanderwood, 146 Mont. 276, 405 P.2d 652.

From the foregoing quoted portions we have in effect answered some of the contentions in Issue No. 1 here. However, since the individual lands and owners have not been considered we shall not attempt to go further. The district court undoubtedly had in mind that to determine the issue on the merits would better be done in subsequent suits. We agree.

 The district court directed the County to give proper notice and found that proper notice had not been given. It granted an attorney fee. On appeal, without any cross-appeal or without first having excepted to the findings, the County attempts to raise the issue of attorney fees. However, the matter not being properly raised on appeal, the judgment is affirmed.

█ We fail to see where the district court abused its discretion. The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL and DALY, concur.