No. 13849

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

IN RE THE MARRIAGE OF

ROLLAND C. HEBEL,

Petitioner and Appellant,

-vs-

MARGARET C. HEBEL,

Respondent and Respondent.

Appeal from:  District Court of the Fifth Judicial District,
Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellant:

A. Michael Salvagni argued, Bozeman, Montana

For Respondent:

Berg, Angel, Andriolo and Morgan, Bozeman, Montana
Ben E. Berg argued, Bozeman, Montana

Submitted:  January 31, 1978

Decided APR 2 5 1978

Filed: APR 2 5 1978

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Rolland C. Hebel appeals from an order of the District Court, Madison County, awarding his former wife $20,000 as the disposition of marital property in a dissolution of marriage action.

Rolland and Margaret Hebel were married in 1975. The marriage lasted approximately 18 months. There was a wide disparity in assets between the parties prior to their marriage. The husband's assets then included 97 acres of land in Madison County worth between $125,000 and $150,000, 160 head of cattle, 4 draft horses, 2 vehicles and various pieces of farm machinery. The husband was employed at a talc mine in Cameron, Montana, taking home approximately $750 per month.

Before the marriage the wife's assets included a trailer house being purchased in monthly installments, one vehicle, a one-third interest in a lot in Pony, Montana, worth approximately $300, three lots in New Mexico worth $3,000, a one-third interest in a nonproducing mining claim, and approximately $2,300 in a savings account. The wife managed the Norris Bar in Norris, Montana, for which she received between $400 and $700 per month in wages plus a "working interest" in the bar amounting to approximately $4,000 per year.

The husband sold all the cattle, one horse, and 20 acres of land during the marriage. The wife sold her house trailer, spent $1,900 of her savings and gave up her job at the Norris Bar, forfeiting her working interest therein, while she was married.

At the time of the property disposition hearing, the husband had assets of between $100,000 and $125,000 and liabilities of approximately $15,000. He was taking home $750 per month in wages and reported monthly expenses of $640. The wife's assets amounted to approximately $4,000 and she was taking home monthly wages of approximately $340. She reported expenses averaging $385 per month.

The husband is in good health. The wife suffers from a heart condition which interferes with her ability to work and will ultimately require surgery. Prior to the marriage the wife had group health insurance coverage and during the marriage she was covered under her husband's plan. She is currently unable to procure health insurance and has medical expenses averaging $50 per month. The wife's heart condition existed and was known by the husband prior to the marriage.

Following the hearing the District Court entered findings of fact, conclusions of law, and a decree awarding the wife a lump sum settlement of $20,000, payable within five years of entry of the decree with annual interest of 6 percent payable in semi-annual installments. To secure the wife's settlement award the District Court imposed a lien in her name upon the husband's real property.

In an opinion accompanying its decree, the District Court allocated specific portions of the $20,000 award: (1) $1,900 for the wife's investment of that amount of her savings in the marriage; (2) $12,000 for the wife's working interest in the Norris Bar which she forfeited during the marriage; (3) $4,500 for the wife's contribution as a spouse and a homemaker; and (4) $1,600 for the disparity in age, health, strength and earning capacity.

The issue on appeal is whether the District Court abused its discretion in awarding the $20,000 lump sum settlement payable within five years at 6 percent annual interest.

The husband first contends the settlement award is, in effect, a taking of property he acquired prior to the marriage and argues the District Court failed to follow guidelines for the disposition of such property set forth in section 48-321, R.C.M. 1947.

The District Court did not award any real property to the wife and specifically rejected ordering the sale of any such

property in satisfaction of the settlement. In any event, section 48-321, R.C.M. 1947, provides that a District Court may equitably divide property "however and whenever acquired", and therefore the question of title is not controlling. Morse v. Morse, (1977), _____ Mont. _____, 571 P.2d 1147, 34 St.Rep. 1334, 1337.

As to the apportionment of property "belonging to either or both", section 48-321 provides the District Court shall consider:

> " * * * the duration of the marriage, and prior marriage of either party * * * the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties * * * whether the apportionment is in lieu of or in addition to maintenance, and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates, and the contribution of a spouse as a homemaker or to the family unit. * * *"

As to the disposition of property acquired by one spouse prior to the marriage, section 48-321 provides the court shall consider:

> " * * * those contributions of the other spouse to the marriage, including the nonmonetary contribution of a homemaker; the extent to which such contributions have facilitated the maintenance of this property and whether or not the property disposition serves as an alternative to maintenance arrangements."

The husband has not shown that the District Court ignored the above guidelines in awarding the $20,000 lump sum settlement. Although the marriage was not long-lived, the wife did suffer a depletion of resources in spending most of her savings and giving up her working interest in the Norris Bar during the course of the marriage. While she was not a full-time homemaker, the wife did abandon full-time employment in an effort to save the marriage. Other undisputed testimony established that the wife's physical condition precludes strenuous activity, limiting her employability and earning capacity.

As this Court has often stated, a District Court has far-reaching discretion in resolving property divisions and its judg-

ment will not be altered unless a clear abuse of that discretion is shown. Cromwell v. Cromwell, (1977), ____ Mont. ____, 570 P.2d 1129, 34 St.Rep. 1193, 1194; Zell v. Zell, (1977), ____ Mont. ____, 570 P.2d 33, 34 St.Rep. 1070, 1074. Since the District Court did not arbitrarily dispose of the marital property under the circumstances of the present case, its disposition was not an abuse of discretion.

The husband next contends the interest provision of the settlement award is in effect a maintenance award, and argues the District Court did not follow guidelines set forth in section 48-322, R.C.M. 1947, in determining that the wife was entitled to such maintenance.

The wife requested maintenance. The decree, however, does not grant it. The decree does give the husband the option of paying the settlement upon entry of the decree or at any time up to five years thereafter. The interest provision is brought into play only in the event the husband chooses to defer payment and only so long as such payment is deferred.

While the District Court determined the wife had met the threshold requirements for an award of maintenance found in section 48-322, R.C.M. 1947, in finding she "lacks sufficient property to provide for her reasonable needs and she is unable to support herself by appropriate employment", the interest provision here cannot be properly characterized as maintenance. There is, therefore, no basis for the husband's claim that the District Court abused its discretion in granting the wife interest on any deferred payment of the lump sum settlement. The factors supporting the settlement award also support the provisional interest award.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_Frank I. Haswell_
Chief Justice

_Gene B Daly_

_John Conway Harrison_
Justices

Mr. Justice John C. Sheehy did not participate in this case.