M. CLAUDIA ROBERTSON, PLAINTIFF AND APPELLANT, *v.* MICHAEL M. ROBERTSON ET AL., DEFENDANTS AND RESPONDENTS.

No. 14147.
Submitted Oct. 10, 1978.
Decided Dec. 15, 1978.
Rehearing Denied Jan. 19, 1979.
590 P.2d 113.

Loble, Pauly, Harlen, Picotte & Norris, P. C., Lester H. Loble, II (argued), Helena, for plaintiff and appellant.

Moses, Tolliver & Wright, Ralph S. Wright (argued), Billings, for defendants and respondents.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

This is an appeal from a judgment filed by the Meagher County District Court on August 9, 1977. Error is assigned to certain findings of fact and conclusions of law concerning distribution of the marital property of M. Claudia Robertson and Michael M. Robertson upon dissolution of their marriage. No issue is taken with the granting of the divorce.

· At the outset we note that respondents have filed a motion to dismiss the appeal on procedural grounds. Having examined the procedural aspects of the case and weighed the conflicting contentions of the parties in that regard, we find that any irregularities do not effect the substantial rights of the parties and are no impediment to this appeal. Rule 14, M.R.App.Civ.P. We proceed to the merits of the appeal.

Claudia and Michael Robertson, hereinafter referred to as wife and husband, were married on July ·9, 1959. Fourteen years later on July 10, 1973, wife initiated this divorce action. During their marriage, the couple had lived on and operated a ranch and wife

alleged in her complaint that she was entitled to 50 percent of the ranch property "whether said property . . . stands in the name of the plaintiff, the defendant, or jointly in both their names or in the names of either the plaintiff or the defendant and any third person."

Subsequently John M. Robertson (the husband's brother) filed a motion to intervene in the action. The motion alleged that the ranch property which wife's complaint was addressed to was and at all times had been held as partnership property by the brothers. The motion concluded that wife, as a stranger to the partnership, was "not entitled as a matter of law to a decree that would dissolve the partnership and partition the partnership property."

The motion to intervene was granted and wife thereafter filed an amended complaint adding the brother as a party defendant. The amended complaint, in addition to stating the cause of action for divorce with a prayer for custody of the three children of the marriage, child support, and alimony, also alleged that whether or not the ranch property was held in partnership, wife was entitled to a money judgment equal to at least one-third the value of said property.

The basic underlying fact which gives rise to this appeal is that the ranch properties in question were purchased on contracts for deed executed prior to the marriage, but for which practically all of the payment obligations arose after the marriage. The contracts for deed run to defendant brothers as tenants in common. The brothers do not have a formal written partnership agreement between them, but testimony and exhibits introduced at trial established that since 1955 they have operated under an arrangement whereby during the bulk of that period each contributed his income to a common fund. Checking accounts and numerous other documentary transactions were carried on at various times throughout that period in the name of "Robertson Brothers". The brother lived with the husband and wife for various periods during the 14 years of marriage; during part of the time the family group lived in a trailer owned by the brother and later they all lived in a

house they built on the ranch property. When the brother was living with them, the wife cooked for him and did his washing. Wife. worked as a school teacher for a period during their marriage and most of her income apparently went into the common fund (although she reported it on an individual rather than a partnership tax return.) Wife was a co-owner of a bank account with the brothers and on at lease one occasion signed together with the brothers on a mortgage of the ranch properties. Wife contends that under these circumstances she was equally as instrumental in the acquisition of the ranch properties as the brothers and is entitled to an equal share.

On February 18, 1975, trial was had on the matters raised in wife's amended complaint. Findings of fact and conclusions of law issued thereafter found a partnership existing between the brothers and excluding the wife. The court found that the wife had made a contribution to both partners and to the marriage in the amount of $12,000 and awarded her that amount as a lump sum property settlement. The conclusions of law held, among other things, that the ranch was partnership property, that the $12,000 property settlement could only come out of the husband's share of partnership property, and that "land is recognized by the law as being unique and a landowner cannot be forced to sell his property simply because the present sale would realize a profit which could, possibly, be invested in some other endeavor that would yield a higher return on the investment."

On appeal, wife presents two issues for our consideration:

1. Whether the trial court erred in finding that the ranch properties were partnership property.

2. Whether the award of $12,000 to wife as her share of marital property was inadequate under the circumstances present here.

Appellant wife contends that no partnership existed because there was no written agreement and no constant course of conduct implying partnership status between the brothers. Wife cites no authority in support of the position that these factors preclude the existence of a partnership. "A partnership agreement need not be in

writing and it may be express or impled." *Gustafson v. Taber* (1951), 125 Mont. 225, 234, 234 P.2d 471, 476.

Appellant also contends that even if there is a partnership, since the record title of the ranch property runs to the husband and brother as tenants in common rather than to them as a partnership, the ranch property is not partnership property. We recognize the general principle that "as against purchasers and lien creditors dealing with the owners of land on the faith of a recorded title, and without notice that ownership is different from what it appears of record, parol evidence is inadmissible to show that although the land was conveyed to the grantees as individuals, yet it was held by them as partnership property." 60 Am.Jur.2d Partnership § 91. However, we cannot conclude on the circumstances present here that appellant is included among the class protected by that rule. Nor do we find controlling *Ivins v. Hardy* (1947), 120 Mont. 35, 179 P.2d 745, or *In re Perry's Estate* (1948), 121 Mont. 280, 192 P.2d 532, the two other cases relied on by appellant to support the position that the partnership does not own the ranch property. Both *Ivins* and *Perry's Estate* are distinguishable on their facts in that they involved a situation where the partnership was formed after or contemporaneously with the purchase of the property in question, whereas here the partnership arrangement had been in existence for several years before the purchase of the ranch properties.

It is well settled that a partnership can acquire real estate by having the partners take title as cotenants. 60 Am.Jur.2d Partnership § 88. We hold that the record reflects ample grounds for the trial court's conclusion that the ranch properties were owned by the Robertson brothers in partnership.

We turn now to the second issue on appeal; that is, the adequacy of the share of the marital property awarded to appellant.

The Montana Uniform Marriage and Divorce Act (UMDA) §§ 48-301 to 48-341, R.C.M.1947, took effect on July 1, 1976. Section 48-341(2), R.C.M.1947 provides in pertinent part:

"This act applies to all pending actions and proceedings com-

menced prior to its effective date with respect to issues on which judgment has not been entered."

Since the judgment herein was not entered until August of 1977, the UMDA controls.

Section 48-321, R.C.M.1947, mandates the factors to be considered by the District Courts in distributing property upon the dissolution of a marriage. There are numerous recent decisions of this Court which lay down guidelines for the proper application of that statute. Cf. *In re Marriage of Kramer* (1978), 177 Mont. 61, 580 P.2d 439; *In re Marriage of Hebel* (1978), 176 Mont. 339, 578 P.2d 305; *Jerome v. Jerome* (1978), 175 Mont. 429, 574 P.2d 997; *Martinez v. Martinez* (1978), 175 Mont. 280, 573 P.2d 667. Several more opinions, so recent that they have not yet been published, further refine those guidelines and will be available by the time this decision is handed down. It would be pointless for us to reiterate those same guidelines here.

■ If on appeal this Court cannot determine from the findings and conclusions whether the District Court weighed each element delineated in section 48-321, R.C.M.1947, in dividing the property, the cause must be remanded for a redetermination of the disposition of the parties' marital estate. *In re Marriage of Capener* (1978), 177 Mont. 437, 582 P.2d 326; *In re Marriage of Johnsrud* (1977), 175 Mont. 117, 572 P.2d 902. If the District Court's findings and conclusions do not reflect the net worth of the parties' marital assets at the time of their divorce, this Court on appeal cannot determine if the property was equitably divided. *Vivian v. Vivian* (1978), 178 Mont. 341, 583 P.2d 1072.

■ It does not appear from the findings and conclusions entered in this case that the District Court weighed the factors enumerated in section 48-321, R.C.M.1947, nor is there any indication that the court assessed the value of the total marital estate and then tried to equitably apportion it. Indeed, finding of fact XIV says "the only issue in this case is how to divide the unrealized capital gain on the increased value of the land when the evidence shows that the con-

tinued operation of the ranch is questionable." Such a limited inquiry falls far short of complying with the mandate of the UMDA.

In addition, the findings and conclusions as they now stand are inconsistent and contradictory. An award of $12,000 is made to appellant. The findings and conclusions then go on to say that there are no funds to pay that sum without the sale of the ranch but that the husband cannot be forced to sell the ranch because it is partnership property.

For the foregoing reasons, the District Court's award of $12,000 to appellant is vacated. From the record before us, it appears that the amount itself is significantly inadequate and not in keeping with the equitable apportionment contemplated by section 48-321, R.C.M.1947. The cause is remanded for a new hearing and more complete findings in accordance with the guidelines enunciated in our prior decisions.

One further matter demands our attention. Respondents raised as an issue in their brief an objection to attorney fees awarded to wife by the District Court. In the absence of a cross-appeal or exception to findings, the issue of attorney fees is not properly raised on appeal. *Mittelstadt v. Buckingham* (1971), 156 Mont. 407, 480 P.2d 831; see generally, 5 Am.Jur.2d Appeal and Error § 707. Respondents' failure to cross-appeal bars the matter of attorney fees from our consideration and the award to wife stands.

Reversed and remanded.

MR. JUSTICES DALY, HARRISON, SHEA and SHEEHY concur.