No. 14706

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

IN RE THE MARRIAGE OF

RUTH CHARLOTTE HAMILTON,

Petitioner and Appellant,

and

RICHARD DALE HAMILTON,

Respondent and Defendant.

_____

Appeal from: District Court of the Thirteenth Judicial
District,
Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

For Appellant:

Stanton, Hovland and Torske, Hardin, Montana

For Respondent:

Gary E. Wilcox, Billings, Montana

_____

Submitted on briefs: August 1, 1979

Decided: FEB 11 1980

Filed: FEB 11 1980

_Thomas J. Kearney_
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The wife appeals from that portion of a marriage dissolution decree of the Yellowstone County District Court which distributed the marital estate upon the dissolution of the marriage. Because the required findings were not entered, however, we cannot review the case on the merits, and therefore must remand it to the District Court.

The findings are totally inadequate in relation to the valuation of the marital estate, and the failure to decide whether the husband's dental office and the real estate upon which it is situated, is part of the marital estate.

In seeking to arrive at a valuation of the net marital estate, three financial statements were introduced at trial, but we cannot determine from the court's findings which, if any, were used in arriving at the valuations. In the case of In Re Marriage of Kramer (1978), ____ Mont. ____, 580 P.2d 439, 443, 35 St.Rep. 700, 704-705, we held that if a financial statement is used to establish net worth, it must be one that was prepared at or near the time of the dissolution, for that would most clearly reflect the status of the property at the time of trial. The trial was held on September 7, 1978, and findings, conclusions, and judgment were filed and entered on December 8, 1978. The wife's financial statement was dated January 20, 1978 which listed total assets of $411,505.75 and total liabilities of $49,200. The husband, on the other hand, introduced two financial statements, one dated June 28, 1977 which listed total assets of $282,000 and total liabilities of $50,700, and the second, dated August 13, 1978 listed total assets of $281,000 and total liabilities of $72,898. There is obviously a great disparity between the financial statement introduced by the wife and those introduced by the husband. But the trial court did not indicate which, if any, it used in arriving at the net marital estate.

-2-

In apportioning the property, the trial court awarded the wife the family home, twenty acres of land together with the buildings located on the land--for a total value of $85,000. In addition she received household furnishings value at $8,000 and a 1973 Buick automobile.

The husband, on the other hand, was awarded a total of sixty acres of land valued at $132,000, Arabian horses valued at $30,000, dental equipment and furnishings valued at $5,000, and a 1973 Dodge pickup. The husband was also ordered to assume sole responsibility for a mortgage on real property in the amount of $39,000.

Before the hearing, the wife was awarded $500 per month as temporary maintenance and temporary child support for one child. At the hearing the wife declared that she was abandoning her claim to maintenance. Although the wife now contends that she is entitled to maintenance. This assertion flies in the face of her declaration at trial. The trial court awarded custody of the child to the husband, and therefore terminated the temporary child support ordered to be paid by the husband.

We cannot tell how the trial court arrived at the valuations of the marital estate in reaching the property division. It is equally clear that it left dangling the questions of the number of Arabian horses which comprise the marital estate, and whether or not the husband's dental office and land upon which it is situated is part of the marital estate.

The trial court awarded the Arabian horses to the husband and set their value at $30,000. We have no way of telling how it arrived at this figure. Experts for both sides testified concerning the value of the horses, and needless to say, the testimony is exceedingly disparate. The problem is further complicated because the record discloses that not all the horses were appraised, and that the parties' children had a property

-3-

interest in the horses. The trial court made no findings as to the number of horses belonging in the marital estate; nor did it enter any findings as to the property interest the children had in any or all of the horses. Indeed, the findings are silent as to the total number of horses that are involved; certainly a necessity if a valuation is to be placed on them. It is, therefore, impossible to determine how the trial court arrived at the $30,000 figure for the horses.

The findings, moreover, fail to mention the real estate upon which the husband's dental building is located. The parties were in sharp conflict as to whether it constituted a marital asset. The wife contends that the dental property was an asset acquired during the marriage, but the husband contends that his father owns the property. Although the husband testified that he had not made any payments toward the purchase of the property, the trial record reveals that the husband depreciated the property on his personal income tax returns since the year he first executed the contract for deed, and that he paid the taxes upon the property and deducted the same from his income on his personal income tax returns, and that he had been in continuous possession of the property. Notwithstanding the issue squarely presented to the trial court, no determination was ever made as to whether it was includable in the parties' marital estate.

It is clear, therefore, that there was never a determination made of the net worth of the marital estate, and we have previously stated that without such determination there is no basis upon which the estate can be equitably apportioned, nor any basis for this Court to conduct meaningful review. Robertson v. Robertson (1978), _____ Mont. _____, 590 P.2d 113, 116, 35 St.Rep. 1889, 1893. The findings here are patently deficient.

-4-

Although we could otherwise decide that the wife has waived her right to ask for maintenance, in light of our decision compelling a remand, we belive it to be in the interests of justice to leave this issue open so that the trial court can consider maintenance if the situation warrants it.

Because of the nature of the property involved, we do not believe that the simple entry of legally sufficient findings of fact in support of whatever judgment might be entered, would be sufficient. For all concerned, it is best that there be a full hearing before another judgment is entered.

The judgment of the District Court is vacated and this case is remanded for further proceedings consistent with this opinion.

_____
                                    Justice

We Concur:

_____
Chief Justice

_____

_____

_____
            Justices

-5-