No. 02-749

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 95N

IN RE THE MARRIAGE OF
STANLEY MICHAEL DAUENHAUER,

Petitioner and Respondent,

and

PATRICIA L. BERNHARDT
f/k/a PATRICIA L. DAUENHAUER,

Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and For the County of Yellowstone, Cause No. DR-00-1052
                Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Linda Harris; Harris Law Firm, Billings, Montana

        For Respondent:

            James R. Graves, Ingrid Gustafson; Graves, Toennis & Gustafson,
            Billings, Montana

                                Submitted on Briefs:  July 2, 2003

                                          Decided:   April 16, 2004

Filed:

        _____
                            Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    The Thirteenth Judicial District Court, Yellowstone County, dissolved the parties' marriage and distributed their marital property. Patricia L. Bernhardt appeals. We affirm.

¶3    The issue is whether the District Court failed to value and, therefore, failed to equitably distribute the marital estate.

¶4    Our standard of review of a district court's division of marital property is whether the district court's findings of fact are clearly erroneous and whether the court correctly applied the law. A finding is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record convinces us the district court made a mistake. Where substantial credible evidence supports the court's findings and judgment, we will not alter the district court's decision unless there is an abuse of discretion. The test for abuse of discretion in a dissolution proceeding is whether the district court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *In re Marriage of Herrera*, 2004 MT 40, ¶ 18, 320 Mont. 71, ¶ 18, 85 P.3d 781, ¶ 18 (citation omitted).

¶5     Patricia cites four cases for the principle that there can be no equitable distribution of a marital estate until there is a determination of the value of the marital estate. *See In re Marriage of Dirnberger* (1989), 237 Mont. 398, 773 P.2d 330; *Cook v. Cook* (1980), 188 Mont. 472, 614 P.2d 511; *Schultz v. Schultz* (1980), 188 Mont. 363, 613 P.2d 1022; *Hamilton v. Hamilton* (1980), 186 Mont. 282, 607 P.2d 102. She points out that the District Court did not set a net value of the marital estate, and contends the court thereby acted arbitrarily.

¶6     An exact net worth finding is not required when the court considers and adequately sets forth the relevant factors for division of property under § 40-4-202, MCA. *In re Marriage of Nordberg* (1994), 265 Mont. 352, 360, 877 P.2d 987, 992 (citations omitted). Here, the District Court carefully identified the parties' marital and pre-marital assets and debts and then distributed the marital assets and debts between them. The marital estate is essentially limited to personal property and credit card and other unsecured debt incurred by the parties individually. Our review of the record convinces us the court divided the property and debt equitably, apportioning the debt to give each party responsibility for debts he or she incurred.

¶7     Affirmed.

/S/ KARLA M. GRAY

We concur:

3

/S/ JIM REGNIER

/S/ PATRICIA O. COTTER

/S/ JOHN WARNER

/S/ JAMES C. NELSON