No. 14257

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

IN RE THE MARRIAGE OF

NANCY E. KUNTZ,

Petitioner and Respondent,

-vs-

THOMAS M. KUNTZ,

Respondent and Appellant.

_____

Appeal from: District Court of the Eighth Judicial District,
Hon. H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

Ralph T. Randono, Great Falls, Montana

For Respondent:

Church, Harris, Johnson & Williams, Great Falls, Montana

_____

Submitted on briefs: March 12, 1979

Decided: APR 1 1979

Filed:

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court of the Eighth Judicial District, County of Cascade, in which the court granted respondent Nancy Kuntz a dissolution of marriage and ordered certain custody and property dispositions.

The trial court ordered that the land and home, which were valued at $59,850, be sold and after all debts connected with it paid, the proceeds equally divided. In addition, the machinery and livestock were ordered sold. The remaining joint debts of the parties were to be paid from the proceeds and the remainder divided equally. Each party was awarded the vehicle they were using at the time of separation.

Prior to discussing the issues raised by appellant, we note that the counsel for appellant herein was not the counsel that tried this matter before the District Court. Therefore, some of the issues raised on appeal were matters that, had he been present at the time of the trial, would have been handled differently. Nevertheless, he takes the record as he finds it.

The issues presented for our review are:

1. Did the District Court err in making the division of property between the parties ordered in its decree of October 17, 1977?

2. Did the District Court make the required findings of fact necessary to support the decree?

3. Did the District Court make the required conclusions of law necessary to support the decree?

4. Did the District Court err in excluding the evidence of Howard Parker as to value?

5. Did the District Court err in its rulings upon examination of Bruce A. Nelson (a) as to the exclusion of testimony as to other sales and (b) as to accepting the opinion of the witness?

For the purpose of this opinion we divide the issues into two categories, combining issues one through three on whether or not the court followed the statutes as required in considering the parties' assets for distribution and issues four and five as to whether the testimony concerning property valuation was properly received.

Appellant takes issue with the fact that the court did not specifically find a certain value as to property, both personal and real, and be more specific in its findings. He alleges that section 40-4-202 MCA requires such findings by the court in the division of the property. Here, the court found that the value of the house and land was $59,850 and that there was a $15,000 mortgage outstanding. The court then ordered the property sold and the proceeds divided equally after the indebtedness was paid. While the court did not specifically place a value on the few cattle or the small amount of machinery that was on the farm, it did instead order that it be sold with the farm and ordered those proceeds divided equally also. In our opinion this was a workable method in dividing the only assets of the parties as both parties had contributed towards their preservation. The court's order is logical and practical, and in our opinion follows the requirements of section 40-4-202 MCA and case law. A review of the case law upholds the finding of the District Court in this regard. See In re Marriage of Caprice (1978), _____ Mont. _____, 585 P.2d 641, 35 St.Rep. 1460, and Marriage of Barron (1978), _____ Mont. _____, 580 P.2d 936, 35 St.Rep. 891.

Appellant relies on several cases of this Court which he believes are controlling: Robertson v. Robertson (1978), ___ Mont. _____, 590 P.2d 113, 35 St.Rep. 1889; In re Marriage of Capener (1978), ___ Mont. ____, 582 P.2d 326, 35 St.Rep. 1026; Vivian v. Vivian (1978), ____ Mont. _____, 583 P.2d 1072, 35 St.Rep. 1359; In re Marriage of Kramer (1978), ____ Mont. ____, 580 P.2d 439, 35 St.Rep. 700; and Martinez v. Martinez (1978), ____Mont. ____, 573 P.2d 667, 35 St.Rep. 61. These cases are not at point in this matter for they either had no findings as to the assets of the parties or record upon which required a determination of net worth to support the distribution in particular cases to one of the parties.

Putting a net dollar figure on the bottom line would not affect the judgment in this case for the sale would establish what the figure should be. Here, what the District Court says in its order is: Here are the assets, sell them, pay your joint debts, and split what remains. It is a simple, practical and logical way for the District Court to divide the assets and liabilities of the parties dissolving their marriage. The duty of the court was to consider the statutory factors and equitably divide the property. We find that the court did so.

In addition, appellant argues that the facts do not support the findings. The standard for reviewing that claim is clearly set forth in In re Marriage of Jorgensen (1979), ____ Mont. ____, 590 P.2d 606, 36 St.Rep. 233, where we said that findings may not be disturbed by us unless clearly erroneous (Rule 52(a), M.R.Civ.P.). The evidence here supports the findings. The rule in Montana for our review of property division in marital cases is whether the District Court acted arbitrarily, without employment of con-

scientious judgment, or exceeded the bounds of reason in view of all the circumstances. Zell v. Zell (1977), ____ Mont. ____. 570 P.2d 33, 34 St.Rep. 1070. Appellant has not shown arbitrariness on the part of the District Court that goes beyond conscientious judgment or beyond reason.

We next consider whether the court properly admitted the expert testimony of Bruce Nelson, a realtor, concerning the value of the acreage and the buildings on same, and then restricted cross-examination on the sales of other property in the area. Appellant claims this case must be reversed because Mr. Nelson was allowed to testify about the value of the real estate. He also claims his attorney should have been allowed to cross-examine Mr. Nelson about other sales.

Mr. Nelson was allowed to testify as an expert about his opinion of the real estate value. Rule 702, Mont.R.Evid., reads:

> "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of opinion or otherwise." (Emphasis supplied.)

The court must decide whether the expert is qualified. Rule 104, Mont.R.Evid.

Mr. Nelson's qualifications are found in the record: he is a licensed real estate broker; has been so since 1952; belongs to professional organizations; and has made his living since 1952 selling real estate state-wide. He has sold numerous farm properties, is familiar with the values of property in the area, and had inspected the property in question. The court allowed his opinion as to the value. We find no error.

The District Court considered all necessary factors and made rulings considered equitable under the circumstances. We affirm the judgment of that court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices