GLADYS THELMA DOWNS, Plaintiff and Respondent, *v.*
ROBERT FRED DOWNS, Defendant and Appellant.

No. 14514.
Submitted on Briefs Feb. 16, 1979.
Decided March 23, 1979.
As Amended on Denial of Rehearing
April 12, 1979.
592 P.2d 938.

Robert L. Stephens, Jr., Hibbs, Sweeney & Colberg, Billings, for defendant and appellant.

Lucas & Monaghan, Miles City, James E. Seykora, Hardin, for plaintiff and respondent.

MR. JUSTICE HARRISON delivered the opinion of the court.

This is an appeal by respondent Robert Downs from a judgment entered in the District Court of the Thirteenth Judicial District, Big Horn County, Montana, the Honorable L.C. Gulbrandson presiding.

This case was previously before this Court in 1976 wherein on appeal we reversed the judgment of the lower court and ordered a new trial concerning the distribution of marital property. See *Downs v. Downs* (1976), 170 Mont. 150, 551 P.2d 1025.

The fact situation is set forth in the above cited action and will serve for the facts in this case.

Appellant sets forth four issues for review:

1. Did the District Court err in failing to make specific findings of fact and conclusions of law concerning the elements specified in section 48-321, R.C.M. 1947, now section 40-4-202 MCA?

2. Did the District Court err in entering a judgment which contained material variances from its findings of fact and conclusions of law?

3. Did the District Court abuse its discretion in its distribution of the assets and liabilities of the parties?

4. Did the District Court err in making an award of attorney's fees without evidence of amount or reasonableness?

We note that three of the issues concern whether or not the District Court erred in its distribution of the assets of the marriage. We will discuss these issues together.

This Court, in returning the first appeal, noted the unreliability of the record as to the net worth of appellant at the time of the marriage and at the time of the divorce. For this reason the judgment in the earlier trial was set aside. It is also to be noted that counsel on

appeal is not the same counsel that tried either of the cases below but appears here only as counsel of record on appeal. The case was remanded to the lower court to determine the true net worth of appellant at the time of his marriage.

In again reviewing this record after two years, we note that efforts were made to schedule the matter for trial on two separate occasions. Additional discovery was accomplished and new testimony and documentary evidence has been introduced for our consideration on this second hearing. Appellant's main thrust on appeal is that the lower court erred in not setting forth specific findings of fact, conclusions of law, and that the record does not support the findings of fact and conclusions of law.

We observe that throughout both the first and the second hearing, appellant was neither eager nor helpful in giving the trial court sufficient information concerning his net worth at the time of the marriage in 1956. Throughout the two-year period it was respondent who seems to have made the efforts to locate, uncover and discover appellant's assets at the time of the marriage and at the time of the divorce. It appears from the record that appellant made little effort and was resistant to the efforts of respondent in acquiring the information needed to decide the question of assets. We do not feel that the trial judge must become an appraiser, an accountant, a computer, and an all-around genius to appropriately decide the facts as established by the documentation given at trial. It is the parties' duties to assist the trial court in getting this information so a proper judgment is made as to their mutual assets.

The elements for the trial court's consideration in making a disposition of marital property are detailed in section 48-321, R.C.M. 1947, now section 40-4-202 MCA. This Court has held in a number of recent cases that the trial court must make specific findings concerning the value of the parties' assets at the time of marriage and at the time of dissolution. Appellant sets forth a number of cases: *In re Marriage of Jorgenson* (1979), Mont., 590 P.2d 606, 36 St.Rep. 233; *Vivian v. Vivian* (1978), 178 Mont, 341, 583 P.2d 1072; *Capener v. Capener* (1978), 177 Mont., 437 582 P.2d 326;

and, *In re Marriage of Johnsrud* (1977), 175 Mont., 117 572 P.2d 902.

In *Jorgenson* this Court affirmed a District Court decision which awarded the husband assets valued at approximately $693,000 and the wife assets valued at approximately $83,000. There the District Court relied upon the fact that a substantial portion of the assets were acquired by the husband prior to the marriage and had increased in value solely by reason of inflation. *Jorgenson* can be factually distinguished from the present case. In *Jorgenson* most of the assets of the husband had been given to him by his father prior to the marriage. In this caase the base of appellant's wealth occurred in the swapping of and purchasing of farm property. At the time of the marriage the value could not have been more than approximately $120,000. It was on this basic acquisition of property that appellant was able to develop as estate that, at the time of the separation and divorce, was valued at over two million dollars.

We hold that *Jorgenson* is not controlling in this matter, but rather look to another recent case of this Court, *Robertson v. Robertson* (1978), 180 Mont. 226, 590 P.2d 113. In *Robertson* we found that the trial court did not weigh the factors enumerated in section 48-321, R.C.M. 1947, now section 40-4-202 MCA, in considering the distribution of the assets of the couple; nor was there any indication that the court assessed the value of the total marital estate and made an effort to equitably apportion it. Here, we have a situation where the trial court carefully weighed all the factors involved in assessing the value of the marital estate. It made a valiant attempt to equitably apportion the assets even though it was not given the full support of appellant in ascertaining those assets.

At trial respondent, through her attorney, gave the trial court a breakdown showing the assets at the time of the first trial, at the second trial, and at the date of marriage, by both testimony and documentary evidence. The figures show that, at the time of his marriage, appellant's assets were valued somewhere between $92,035.57 and $132,610. These assets increased in value during the marriage to $2,500,000.

The trial court did all it was required to do under the statute to determine the assets of the parties involved. We find no error.

Appellant argues that there are great variances among the findings of fact, conclusions of law and judgment which are not supported by the record. We find no merit to this argument. The record reveals that both parties were uncertain of the trial court's original findings of fact and conclusions of law. Several documents were filed before the court to amend its conclusions and to clarify some of the issues. On June 1, 1978, an instrument was executed by the then attorneys and filed on June 5, 1978, giving the trial court power to determine all matters relating to the final disposition based on the hearing of June 1, 1978. The court made its final judgment based upon amended conclusions. This judgment does not show sufficient variance from the findings of fact and conclusions of law as to necessitate a rehearing.

We next consider whether or not the effect of the decree distributing the assets of the parties is in conformity with present law. There are sufficient facts here, under section 48-321, R.C.M. 1947, now section 40-4-202 MCA, to indicate that the trial court assessed the value of the total marital estate and did its best to equitably apportion the same. The findings and conclusions reflect a net worth of the parties at the time of the divorce. Although there were small variations concerning the principle and payments on a promissory note, this does not change the basic finding of the value of the property at the time of the marriage and value at the time of the divorce.

Appellant argues that the court did not take into consideration the tax consequences of its judgment. We find no merit to this argument. The court carefully considered the testimony given by Mr. Bob White, a tax expert. This testimony did not in any way defeat the type of property settlement made here by the trial court.

The final matter for consideration is directed at the award of attorney fees in the amount $50,000. The record discloses it was stipulated and agreed to by counsel for both respondent and appellant that respondent's attorney fees were to be paid by the respondent, Mrs. Downs, out of any judgment received by her.

168

Therefore, the cases of this Court cited by appellant, *Crncevich v. Georgetown Recreation Corp.* (1975), 168 Mont. 113, 541 P.2d 56; *First Security Bank of Bozeman v. Tholkes* (1976), 169 Mont, 422, 547 P.2d 1328; and *In re Marriage of Barron* (1978), 177 Mont. 161, 580 P.2d 936, are not applicable. Therefore, the fees set by Judge Gulbrandson and agreed to by stipulation of the parties, to be paid by respondent, Mrs. Downs, are approved.

The judgment of the trial court is affirmed.

The petition for rehearing is hereby denied.

MR. CHIEF JUSTICE HASWELL, and JUSTICES DALY and SHEA, concur.

MR. JUSTICE SHEEHY, did not participate in this cause.