No. 14553

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

IN RE THE MARRIAGE OF

ROBIN JAY AANENSON,

Petitioner and Appellant,

-vs-

DENISE ANN AANENSON,

Respondent and Respondent.

_____

Appeal from:  District Court of the Eighteenth Judicial District,
              Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Brown, Pepper & Kommers, Bozeman, Montana
        Gene I. Brown argued, Bozeman, Montana

    For Respondent:

        A. Michael Salvagni argued, Bozeman, Montana

_____

Submitted:  March 20, 1979

Decided: AUG 1 5 1979

Filed: AUG 1 5 1979

_Thomas J. Kearney_
                    Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Husband appeals from the judgment of the Gallatin County District Court dissolving his marriage and making provisions for property distribution, maintenance award, and an award of attorney fees.

The parties were married on August 16, 1975. No children were born as issue of the marriage. On May 23, 1978, the husband filed a petition seeking a dissolution of the marriage and an equitable property distribution. On July 14, 1978, the wife filed a cross-petition seeking dissolution of the marriage, a property distribution, maintenance award, and attorney fees. The husband and wife were the only witnesses who testified at the hearing.

Husband is a 21 year old maintainer for the Milwaukee Railway, and has a high school education. At the time this action was tried, he was earning $1,300 a month, and he netted approximately $800 a month after deductions. He testified that he spent approximately $200 a month for living expenses.

The wife is 22 years old, and is employed by the Manhattan State Bank as a bookkeeper-teller. She has a high school education and one year of vocational training as a medical assistant. At the time this action was tried, she was taking home approximately $445 a month. She testified that she had approximately $260 in expenses each month, excluding housing. She further testified that she would not be able to remain in the couple's mobile home unless she was provided with at least $100 a month maintenance.

The testimony of the parties established that the marital estate consisted of the following assets:

1.  Four unimproved lots in Three Forks, Montana. Parties owed $6,100 on these lots, the valuation of which was not established at trial.

2.  A 1976 Mercury valued at $4,795, with $500 left to be paid on this car.

-2-

3. A 1964 Ford pickup valued at $1,000. The truck was free and clear.

4. A 1975 mobile home, on which there was a balance of $11,000 due on the purchase price. Monthly payments of $178.81 were required on the purchase price for the next seven years. Petitioner testified that the equity in the mobile home was approximately $4,000.

5. Various items of personal property.

In addition to entering a decree dissolving the marriage, the District Court ordered the 1964 Ford pickup to the husband and the 1976 Mercury to the wife. The four unimproved lots were to be sold, and the proceeds of the sale were to be used to pay the $6,100 loan at the bank. The court also ordered that if the proceeds from the sale produced an excess after payment of the loan, the excess be first applied to the balance owing on the 1976 Mercury with the remainder to be divided equally between the parties. The parties stipulated to the distribution of the various items of personal property. With respect to the mobile home and the wife's request for maintenance, the Court rendered the following conclusion of law:

"That the Respondent be awarded the mobile home subject to the condition that the Petitioner pay to the Respondent the amount of $100.00 per month of which $89.40 shall be applied to the monthly payment of $178.81 and the remainder to be used by the Respondent for her maintenance, and further subject to Petitioner's continuous equity in the mobile home to be paid Petitioner by Respondent in the event of the following: Upon Respondent's remarriage, upon Respondent's sale of the mobile home, upon the balance owing on the mobile home being paid in full by Respondent or until further order of this Court and upon the happening of any said event the Petitioner shall not be further required to pay to Respondent the sum of $100.00 per month."

The court further ordered the petitioner to pay the wife's reasonable attorney fees.

The husband contends first, that the District Court abused its discretion and erred in the distribution of the marital assets; second, that the District Court erred in the award of $100 a month for maintenance; and third, that the District Court

-3-

erred in the award of reasonable attorney fees to the wife.

Section 40-4-202 MCA, controls District Courts in the equitable apportionment of marital assets.

Section 40-4-203 MCA, controls District Courts on the issue of whether or not to grant a maintenance award.

Under section 40-4-202 MCA, the District Court is authorized to equitably apportion the marital assets between the parties. The statute requires the District Courts to consider the criteria expressly enumerated in the statute. Under section 40-4-203(1) MCA, maintenance may be awarded if the spouse seeking maintenance lacks sufficient property to provide for his reasonable needs and is unable to support himself through appropriate employment. Section 40-4-203(2) MCA establishes a list of guidelines or factors that the District Court is required to consider.

Husband first contends that the District Court made a completely one-sided distribution of the marital assets. He argues that the wife received the 1976 Mercury and the mobile home, while he received only the 1964 Ford pickup. He argues that an equitable distribution of the marital assets should have resulted in an equal division of the assets. In essence, husband contends that the assets, including the mobile home, should have been reduced to cash and then divided equally between the parties. He cites no authority.

Although the District Court may equally divide the marital assets, such a distribution is not mandated by section 40-4-202 MCA. See Kuntz v. Kuntz (1979), _____ Mont. ____, 593 P.2d 41, 36 St.Rep. 662. Section 40-4-202 is flexible and it vests a good deal of discretion in the District Court. In Re Marriage of Jorgensen (1979), ____ Mont. _____, 590 P.2d 606, 609, 36 St.Rep. 233, 237. We have stated, before and after the adoption of the statute, that each case must be looked at individually, with an eye to its unique circumstances. Jorgensen, 590 P.2d at 609; Cook v. Cook (1972), 159 Mont. 98, 495 P.2d 591.

-4-

A District Court has far-reaching discretion in resolving property divisions, and its judgment will not be altered unless a clear abuse of discretion is shown. Kaasa v. Kaasa (1979), _____ Mont. ____, 591 P.2d 1110, 1113, 36 St.Rep. 425, 428; Kramer v. Kramer (1978), ____ Mont. ____, 580 P.2d 439, 35 St.Rep. 700; Eschenburg v. Eschenburg (1976), 171 Mont. 247, 557 P.2d 1014. The test for reviewing the District Court's discretion is: Did the District Court in the exercise of its discretion act arbitrarily without employment of conscientious judgment, or exceed the bounds of reason in view of all the circumstances? Kuntz, 593 P.2d at 43; Jorgensen, supra; Kramer, supra; Zell v. Zell (1977), ____ Mont. _____, 570 P.2d 33, 34 St.Rep. 1070; Berthiaume v. Berthiaume (1977), _____ Mont. ____, 567 P.2d 1388, 34 St.Rep. 921.

The duty of the District Court was to consider the statutory criteria and equitably apportion the marital assets. We find that the District Court did so. The District Court considered the duration of the marriage, the age, occupation, amount and sources of income, vocational skills, employability, estate, and the liabilities and needs of each of the parties.

The distribution of one asset, the mobile home, lies at the heart of the husband's argument. He claims that the Court allowed the wife to retain possession of the mobile home, in which there was $4,000 equity at the time this action was tried, for such time as she desired. He further argues that by virtue of the $100 a month maintenance award, he is required to pay one-half of the monthly payment on the mobile home.

The court order, however, protected the husband's equity in the mobile home. The order of maintenance directed that $89.40 of the $100 be applied to the monthly payment of $178.81 on the mobile home. The net effect of the court order was to protect the petitioner's present and future one-half equity in the mobile home.

-5-

The wife was not awarded possession of the mobile home for such time as she desired; but rather the court order conditioned the award. Upon the occurrence of one or more of four events, as specified in the court order, the wife must pay the husband his share of the equity in the mobile home. This award was not arbitrary nor beyond conscientious judgment as reason.

An award of maintenance is related only to the needs of the spouse seeking maintenance. Jorgensen, 590 P.2d at 611; Johnsrud v. Johnsrud (1977), ____ Mont. _____, 572 P.2d 902, 34 St.Rep. 1417; Cromwell v. Cromwell (1977), ____ Mont. _____, 570 P.2d 1129, 34 St.Rep. 1193. The District Court has wide discretion in the determination of maintenance awards, and that discretion is not to be disturbed unless clearly erroneous. Jorgensen, 590 P.2d at 611. In the instant case, the District Court specifically found the wife lacked sufficient property to provide for her reasonable needs and was unable to support herself. This finding is supported by the record. In compliance with the requirements of section 40-4-203 MCA, the District Court awarded maintenance in the amount of $100 a month. We hold that the District Court properly exercised its discretion in awarding maintenance to the wife.

Last, the husband contends that there was no showing of necessity, and that the court abused its discretion in granting attorney fees to the wife.

Section 40-4-110 MCA controls District Courts concerning the issue of attorney fees. This statute vests in the District Court the discretion to award costs and attorney fees in a dissolution proceeding. Brown v. Brown (1978), ____ Mont. _____, 587 P.2d 361, 35 St.Rep. 1733, 1740. Clearly, there was a necessity for the husband to pay the attorney fees in this case.

-6-

The District Court found that the respondent lacked sufficient property to provide for her reasonable needs, and that she was unable to support herself without a maintenance award. Additionally, the wife testified she did not have the money with which to pay her attorney fees. The record also contains testimony establishing that the husband was taking home approximately $800 a month, and that the wife was taking home approximately $445 a month. The District Court was adequately appraised of the relative financial means of the parties, and sufficient evidence supported the court's finding of an award of attorney fees.

We note, however, that a showing must be made on the reasonableness of attorney fees; and that a hearing must be held on attorney fees. Downs v. Downs (1979), ____ Mont. ____, 592 P.2d 938, 940, 36 St.Rep. 577, 581; Marriage of Barron (1978), ____ Mont. ____, 580 P.2d 936, 35 St.Rep. 891; First Security Bank of Bozeman v. Tholkes (1976), 169 Mont. 422, 547 P.2d 1328; Crncevich v. Georgetown Rec. Corp. (1975), 168 Mont. 113, 541 P.2d 56. The reasonableness of the attorney fees claimed must be shown by evidence. An award of attorney fees must be based on a hearing allowing for oral testimony, the introduction of exhibits, and an opportunity to cross-examine in which the reasonableness of the attorney fees claimed is demonstrated. Green v. Green (1979), ____ Mont. ____, 593 P.2d 446, 450, 36 St.Rep. 708, 713; State Highway Comm'n. v. Marsh (1978), ____ Mont. ____, 575 P.2d 38, 35 St.Rep. 105. Guidelines have been established concerning the factors to be considered in determining the proper amount of attorney fees to be awarded. First Security Bank of Bozeman v. Tholkes, 169 Mont. at 429-430; Crncevich, supra.

The cause is remanded to the District Court for a hearing, consistent with the authority cited, to determine the amount of reasonable attorney fees to be paid by the petitioner. The judgment of the District Court is otherwise affirmed. Husband is to pay costs on appeal.

-7-

```
                    _____
                                Justice
```

We Concur:

*Frank I. Haswell*
```
_____
```
Chief Justice

*John Conway Harrison*
```
_____
```

*John C. Sheehy*
```
_____
            Justices
```