No. 14805

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

IN RE THE MARRIAGE OF

ARTINA GOHNER,

                Petitioner and Respondent,

    -vs-

EMANUEL GOHNER,

                Respondent and Appellant.

---

Appeal from:  District Court of the Thirteenth Judicial District,
               Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellant:

        J. F. Meglen and Charles A. Murray, Jr., Billings, Montana

    For Respondent:

        Berger, Anderson, Sinclair and Murphy, Billings, Montana

---

Submitted on briefs: September 12, 1979

Decided: APR 1 - 1980

Filed: APR 1 - 1980

*Thomas J. Kearney*
                     Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The husband, Emmanuel Gohner, appeals from a judgment of the Yellowstone County District Court distributing the assets of the marriage as a result of a dissolution of the marriage.

At trial, the court stated that it would divide the assets evenly between the parties, and the court's first conclusion of law states: "the property accumulated by the parties during the marriage should be split on a 50-50 basis." But the property was not split on a 50-50 basis. Furthermore, there are virtually no findings in support of the trial court's distribution plan, and thus we are unable to determine how it arrived at its conclusions. We note in this respect that the trial court adopted verbatim, the proposed findings and conclusions submitted to the court by counsel for the wife. These findings and conclusions did not adhere to the trial court's decision to split the property on a 50-50 basis.

The trial court made no findings as to the value of the family home. The only reference in the findings to the home is that the home had been appraised at $26,500 and that certain realtors had listed it for $34,000. This constitutes only a recitation of the evidence as opposed to findings based on the evidence. In its conclusions, the court determined that the wife's share of the family home was $14,000, and ordered the husband to pay her $14,000 in cash for this interest. Since the court intended to divide the property equally, we infer that it placed a $28,000 value on the home for purposes of distribution. But in any event, there is no evidence in the record to support that determination.

Nor did the trial court make an equal division of the personal property. The court's error concerns a $1,400 car payment taken from the wife's life insurance check. Each of

-2-

the parties received a $5,000 life insurance check as a result of their son's service and death in the Armed Forces. At the time of the divorce, the husband still had $2,700 remaining of his $5,000, but the wife had nothing remaining from her $5,000. The trial court ordered that the remaining $2,700 be evenly divided between the parties.

But the automobiles were not divided in a fashion to achieve a 50-50 split in value. Value of the vehicles was set at $4,225. An equal division would give $2,112.50 interest to each. The wife received her equal amount of $2,112.50 when the court awarded her with a $1,150 Volkswagen and ordered the husband to pay her $962.50 so that the value was equalized. But the court then went an additional step and awarded her $1,400 for the car payment taken from her insurance check. Accordingly, the wife received over $3,500, or approximately an 85 percent interest in the automobiles. Payment to the wife for money taken out of her check is not consistent with the court's determination that it would divide the marital assets on a 50-50 basis. This is particularly so in light of the court's award to the wife of an equal share in the remainder of the husband's check.

We note moreover, that at the end of the trial, the court entered an oral order for the husband to pay the wife's attorney fees. Time and time again we have stated that written findings are required to establish both the wife's necessity for payment from the husband, and to establish the reasonableness of the fees. This was not done.

The judgment is vacated and remanded for further proceedings consistent with this opinion.

Daniel J. Shea
                    Justice

-3-

We Concur:

_Frank I. Haswell_____
Chief Justice

_Gene B Daly_____

_John Conway Harrison_____

_John C. Sheehy_____
Justices