No. 79-109

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

IN THE MARRIAGE OF:

BEVERLY DAHL,

Petitioner and Respondent,

vs.

ROGER DAHL,

Respondent and Appellant.

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

Robert J. Emmons, Great Falls, Montana

For Respondent:

Cameron Ferguson and Dola Wilson, Great Falls, Montana

Submitted on briefs: April 25, 1980

Decided: MAY 12 1980

Filed: MAY 12 1980

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a decree adjudicating property rights, a cash award, and attorney fees following a divorce entered in the District Court of the Eighth Judicial District, Cascade County, the Honorable Joel G. Roth presiding.

The issues for review are:

1. Did the trial court abuse its discretion in making a division of property between the parties?

2. Did the court err in awarding Mrs. Dahl attorney fees?

3. Did the trial court err in awarding Mrs. Dahl monies borrowed by her from her father to pay a mortgage and medical expenses, when Mr. Dahl was said to be responsible and failed to pay?

The parties in this action were married in 1956. Five children were born of the marriage, two of whom were minors at the time of the trial court's judgment on April 30, 1979. In November 1974, a decree was entered granting the parties a divorce and deferring matters of support and property settlement pending further hearings. No appeal was taken from that decree.

Prior to the entry of the decree, an order was entered by the court directing Mr. Dahl to pay the sum of $500 for child support and also to make the house payment.

In 1976, following a hearing, findings of fact, conclusions of law, and an order were entered, providing for support, custody, and the division of the property. Mrs. Dahl appealed from that order, and this Court remanded the case for further proceedings. Dahl v. Dahl (1978), ____ Mont. ____, 577 P.2d 1230, 35 St.Rep. 536.

Thereafter, following a hearing, the trial court entered findings of fact, conclusions of law, and judgment on April 30, 1979. This judgment made a property division; required Mr. Dahl to pay back child support; directed that he pay Mrs. Dahl's father certain sums; awarded Mrs. Dahl attorney fees; granted Mrs. Dahl the custody of the minor children; and provided for support. From this order Mr. Dahl appeals.

In the earlier case on appeal before this Court we: (1) ordered a new trial on the issue of back support; (2) directed the lower court to make findings as to why attorney fees were not awarded; and (3) directed a new trial on the issue of the division of the property.

We found in our previous opinion with regard to the property division that there was no competent evidence of the value of some of the principal items of the marital property, i.e., Dahl's Wrecking Service and property used in connection therewith. In addition, although the parties had been ordered to turn over specified financial records to a certified accountant approved by the court, this was never done; and the appraisal submitted by Mr. Dahl's accountant was not certified but was prepared by that accountant on the basis of information supplied only by Mr. Dahl.

Following remand, the District Court entered new findings of fact, conclusions of law and judgment. Interestingly enough, the property was divided essentially in the same way as before--Mrs. Dahl received the house, and Mr. Dahl received the business property subject to some liens. In this instance, however, Mr. Dahl appears as appellant rather than as respondent.

In the second hearing before the District Court, Mr. Dahl did not appear or supply any information to assist the trial court in reaching a proper and just settlement of the parties' property. The problem that caused the appeal to be made in the first instance was Mr. Dahl's failure to comply with the District Court's order to supply adequate figures concerning the business worth of his property. This Court noted in its earlier opinion that the District Court did not have competent evidence to establish the value of the Dahl Wrecking Service. On second hearing, Mr. Dahl again failed to supply the necessary records, although ordered to do so by the District Court. He also failed to return certain business records delivered to him by Mrs. Dahl despite an agreement to do so.

At the hearing on remand, Mr. Dahl failed to submit any business records showing what happened to the business assets other than the land and the building. He failed to appear and to testify at the hearing, as previously noted. Yet, he now appeals the District Court decision and, in effect, argues that the trial court did not have sufficient evidence to make findings concerning the business. The District Court noted that appellant had failed to present to the court a proper valuation figure for the business, but on the basis of the information presented, the court fairly divided the parties' marital property. The court found that Mrs. Dahl needed the house to maintain a reasonable standard of living and provide a home for the minor children; that in view of her income and expenses it was unlikely that she would be able to otherwise provide suitable housing; and that Mr. Dahl, in view of his experience and skills, was capable of earning sufficient income to provide for her needs.

While appellant contends that the District Court's property division was unfair because his share of the parties' marital assets is in effect reduced by the amount of various federal and state income tax liens filed against him, we note that these liens represent appellant's delinquent federal and state income tax obligations primarily for the years 1974 through 1977. The parties were divorced in 1974.

This matter has been pending now for a period of some six years since the time of the original divorce. In considering the total record in both appeals, we find that the failure of appellant Roger Dahl to cooperate with the trial court in this matter is such as to preclude the court from arriving at a better settlement of the marital estate than has now been done. Aanenson v. Aanenson (1979), ____ Mont. ____, 598 P.2d 1120, 36 St.Rep. 1525, set forth principles which provide a guide in settling this matter. In Aanenson, we recognized certain principles to be applied, stating:

> "Although the District Court may equally divide the marital assets, such a distribution is not mandated by section 40-4-202, MCA. [Citations omitted.] Each case must be looked at individually, with an eye to its unique circumstances. [Citations omitted.]
>
> "A District Court has far reaching discretion in resolving property divisions, and its judgment will not be altered unless clear abuse of discretion is shown. [Citations omitted.] The test for reviewing the District Court's discretion is: Did the District Court in the exercise of its discretion act arbitrarily without employment of conscientious judgment, or exceed the bounds of reason in view of all of the circumstances? [Citations omitted.]" Aanenson, 598 P.2d at 1123, 36 St.Rep. at 1528.

After reviewing the findings of fact and conclusions of law set forth by the District Court to settle this matter,

we find the above principles support its findings, and they are affirmed.

The second issue before us concerns attorney fees. The District Court found that respondent, Mrs. Dahl, did not have sufficient income to pay her attorney fees. That finding is substantiated by the evidence. No evidence was introduced by Mr. Dahl concerning his current income although Mrs. Dahl testified that he was a good welder and mechanic. Mrs. Dahl made a showing of necessity for the award of fees, and the District Court fairly concluded that appellant should pay her attorney fees.

The third issue concerns the award to Mrs. Dahl the sums of $4,537.18 and $262.00 representing monies borrowed by her from her father to pay mortgage and medical expenses. At the time of the divorce in April 1974, the District Court ordered appellant to make the parties' monthly house payments in addition to child support for the parties' children. At the second hearing on this matter, the District Court took judicial notice of this order. Appellant failed to keep these payments current and Mrs. Dahl was required to borrow necessary funds from her father to meet these payments. Over a period of time, her father paid $4,537.18 to Great Falls Federal Savings and Loan to keep his daughter and her family living in the family home.

While appellant argues that there was no agreement on this matter, the fact is that he had been ordered by the court to make the house payments and failed to do so. At the second hearing, Mrs. Dahl's father produced cancelled checks into evidence showing how much he had advanced in the way of payments to the savings and loan company to keep the family in the family home.

Roger Dahl made the house payments for approximately two years as ordered, but deducted the amounts so paid from what he was ordered to pay as child support. He was given full credit for whatever payments he actually made for either child support or payments on the house, despite the unauthorized manner in which he made these payments. Appellant argues that the trial court converted an alleged deficiency as to the payments into a "property division." The trial court, in making a property division, not only had the function of dividing the parties' property between them, but also to make provision for and allocate the responsibility for the payment of debts and obligations regarding such property. Appellant's obligation to make the house payment related to property awarded to Mrs. Dahl--the house.

Appellant argues that he should not have to make the $4,537.18 payment because his father-in-law has no claim against him for such amount. This argument is beside the point. The District Court did not order appellant to pay his father-in-law, but ordered these payments to be made to respondent, Mrs. Dahl, so that she can live up to an agreement she has with her father to pay these amounts back to him. Appellant's argument begs the issue because Dahl had been ordered to make the house payments and to pay Mrs. Dahl alimony, which he has failed to do.

Finally, appellant cites Williams v. Budke (1980), _____ Mont. _____, 606 P.2d 515, 37 St.Rep. 228, alleging that this case supports his argument that respondent's remedy was to use the statutes relating to collecting on judgments for accrued obligations. Williams does not stand for the principle that a person seeking a judgment on a delinquent obligation in a divorce action is limited to only one remedy.

The Court in that case noted that there are various means of enforcing orders directing the payment of support money and obligations of divorce.  It is proper for the District Court, as was done here, to determine how much was owed and to enter a judgment for such amount; in so doing the court avoids duplicity of proceedings.

As noted in the conclusion of respondent's brief, this has been a long divorce proceeding to say the least.  The parties were divorced in 1974; it is now 1980.  It is time that the matter be laid to rest and the proceedings be finally concluded in the interest of justice.

The District Court properly decided the issues appealed from and its decision is hereby affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-8-