No. 80-457

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

IN RE THE MARRIAGE OF

EVA L. NUNNALLY,

Petitioner and Respondent,

-vs-

RAY L. NUNNALLY,

Respondent and Appellant.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Lake, The Honorable
James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

Ian Christopherson, Missoula, Montana
Donald J. Louden, Missoula, Montana

For Respondent:

Christian, McCurdy, Ingraham, Wold & Peterson,
Polson, Montana

Submitted on Briefs: February 25, 1981

Decided: APR 2 - 1981

Filed: APR 2 - 1981

Thomas J. Kearney
Clerk

Mr. Chief Justice Haswell delivered the Opinion of the Court.

The wife brought this action seeking dissolution of her marriage, custody of the minor child of the parties, child support and distribution of the marital assets. The matter was tried on September 26, 1979, before the court sitting without a jury. The findings, conclusions and judgment of the District Court were entered on October 1, 1980, dissolving the marriage, awarding custody of the child and child support to the wife and dividing the property. The husband challenges the distribution and valuation of the property.

The parties were married in Kalispell, Montana, in September, 1959. One child was born as issue of the marriage, who at the time of trial was 16 years of age. The parties also raised the minor child of the husband from a prior marriage. Prior to the marriage the wife owned a house which was unencumbered, as well as a feed supply business, household furnishings, a car, a truck, and United Fund shares. The husband owned one car, a small bank account, and a Veteran's Administration life insurance policy which was heavily encumbered. The parties contributed to the repayment of the V.A. policy loan during their marriage.

During the early years of the marriage both parties worked in the feed supply business until the business was sold in 1964. The husband worked at several odd jobs, then began a career as an electrician. At the time of trial he was employed as a journeyman wireman foreman at $12.80 an hour. In 1969 the wife began working for the State Liquor Store in Polson, where she is currently employed as the store manager. When judgment was entered, the wife was 61 years of age and the husband was 56 years of age.

The house was extensively remodeled during the marriage of the parties. In consideration of the husband's promise to excavate a basement and remodel the house, the wife conveyed a joint

tenancy interest in the house to the husband. The husband contributed labor over a period of seven years but had not completed the work as of the date of commencement of this action. The wife obtained a loan and used the proceeds plus savings of the parties to have the work done by others. The appraisal value of the remodeled home was found to be $38,500 and the total cost of remodeling was $26,757.20 exclusive of the parties' own labor. The District Court awarded the house to the wife.

The parties owned other property which the court divided between them. The wife received the 1959 Ford truck, the 1970 Pontiac, all the furnishings in the house, the funds in her checking account, a life insurance policy (the "Empire Builder"), and shares of stock in the Life Insurance Company of the Northwest. The husband received the 1971 Chevrolet van, the tools which relate to his occupation, the V.A. life insurance policy, and certain uncashed payroll checks earned by him. The remaining tools owned by the parties were to be divided by them on an equal basis, and if they were unable to do so a master would be appointed. Child support in the amount of $150 per month was awarded to the wife. In reaching the conclusions the District Court specifically considered the ages, skills and earning potential of the parties. The property division was in lieu of maintenance.

The husband contends that the District Court erred in the valuation and distribution of the marital assets and that certain findings were not supported by substantial evidence. Specifically, the husband argues that the failure of the District Court to determine the net worth of the parties and to assign current values to the motor vehicles, tools and coins owned by the parties was reversible error. The husband further argues that the District Court acted arbitrarily and exceeded the bounds of reason in distributing over 80 percent of the assets to the wife.

This Court has stated on numerous occasions that the District Court must make findings of fact from which there can be determined a net worth of the parties. See e.g. In re Marriage of Herron (1980), ____Mont.____, 608 P.2d 97, 37 St.Rep. 387; Downs v. Downs (1979), ____Mont.____, 592 P.2d 938, 36 St.Rep. 577; Vivian v. Vivian (1978), ____Mont.____, 583 P.2d 1072, 35 St.Rep. 1359. While the District Court indeed failed in this case to make a specific finding of net worth, the findings as a whole are sufficient to determine the net worth and to decide whether the distribution was equitable.

All of the major assets were assigned values by the court, with the exception of the motor vehicles, the tools, and the silver coins. This omission does not necessitate a reversal in view of the equitable distribution of these assets. See Kuntz v. Kuntz (1979), ____Mont.____, 593 P.2d 41, 36 St.Rep. 662. The 1959 Ford truck was acquired by the wife with resources traceable to property she owned prior to the marriage. Due to its age the truck obviously had nominal value. The 1970 Pontiac and 1971 Chevrolet van were apparently considered by the court to have nominal and equal value, and each party received one car. All of the tools necessary to the husband's business were awarded to him, and the remainder of the tools were to be divided equally by either the parties or a special master. Considering the lengthy itemized list of tools attached to the findings, this scheme was a more logical and practical solution than attempting to place a value on each tool. The coins were sold prior to trial because the wife needed the money for household expenses, and therefore were not a marital asset at the time of judgment. See Fredericksen v. Fredericksen (1980), ____Mont.____, 605 P.2d 1135, 37 St.Rep. 191.

The findings of fact as a whole are sufficiently complete to enable this Court to review the distribution. The house, appraised at $38,500 and encumbered by a $13,000 loan executed

solely by the wife, had a net value of $25,500. The household furnishings, insurance policies and stock had a total value of $11,588. These figures are easily computed from the findings of fact. The husband received personal property worth $6,155, while the wife received personal property worth $5,432 and real property with an equity of $25,500.

Much of the evidence presented at trial concerned the contributions of each party to the remodeling of the house. It appears that appellant is claiming that he made an equal contribution to the improvement of the house and to the acquisition of the other assets and that therefore he deserved one-half of the marital estate. A 50/50 distribution is not required where the result would be inequitable. In re Marriage of Herron (1980), ____Mont.____, 608 P.2d 97, 37 St.Rep. 387. The criteria to be considered in apportioning the assets are set forth in section 40-4-202, MCA. The findings of fact and conclusions of law in this case reflect a careful and conscientious consideration of the appropriate factors. The court specifically found that the husband had a greater opportunity to acquire a residence in the future. The court concluded that because of the wife's age and lack of skills, because custody was awarded to the wife, and because the property division was in lieu of maintenance, the house and its furnishings should be awarded to her. Both parties contributed to the marriage but the wife had a greater need for the assets.

The District Court has far reaching discretion in resolving property divisions and its judgment will not be altered unless a clear abuse of discretion is shown. Zell v. Zell (1977), 174 Mont. 216, 570 P.2d 33. Where it is clear that the District Court conscientiously considered the appropriate statutory criteria, the judgment will be affirmed.

With regard to the disputed findings of fact, a review of the record indicates that each finding was supported by the

evidence. Findings of fact should not be set aside unless clearly erroneous, and due regard should be given to the court's opportunity to judge the credibility of the witnesses. Rule 52(a), M.R.Civ.P. There are no significant errors in the court's findings and there is sufficient evidence to support the findings.

The judgment of the District Court is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

_____
Justice