No. 81-42

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

IN RE THE MARRIAGE OF

LARRY KENNETH SELL,

Petitioner and Respondent,

and

CAROL JEAN SELL,

Defendant and Appellant.

Appeal from: District Court of the Eleventh Judicial District,
In and for the County of Flathead
Honorable Robert Sykes, Judge presiding.

Counsel of Record:

For Appellant:

Darrell S. Worm, Montana Legal Services, Kalispell, Montana

For Respondent:

Patrick M. Springer, Kalispell, Montana

Submitted on briefs: May 15, 1981

Decided: JUN 18 1981

Filed: JUN 18 1981

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

The Flathead County District Court entered a decree of dissolution following a petition by husband, Larry K. Sell, and a trial without a jury. Carol Jean Sell, respondent and appellant, appeals from provisions of that decree relating to the distribution of marital assets.

The parties were married from July 20, 1971, until the dissolution of the marriage on May 9, 1980. They had one child who was eight years old at the time of dissolution. From 1971 to 1980 there were several separations of unknown duration, but the final separation occurred in July 1979.

Petitioner-respondent is employed by the Anaconda Copper Company with take-home wages of about $1,200 a month. The wife was working as a motel maid at the time of the dissolution and has had experience working as a licensed practical nurse.

The major marital asset is a home purchased by the parties in December 1976, after they had been separated for several months. At the time of purchase, the appellant contributed $1,000 to the downpayment, and the husband contributed $850. The wife's contribution was from a sale of her former home.

The parties lived in the home from December 1976 until July 1980. When they moved into the home it was unfinished. For three years they made substantial improvements to the home, most of the work being done by the husband. The materials used to make the improvements came to approximately $5,500. Petitioner testified that he devoted at least 1,500 hours in labor to make the

-2-

improvements. In addition, he was assisted by his father who did not get any compensation for his work. There is sharp disagreement over the extent to which the appellant assisted in the improvements. She testified that she had worked about one-half as much as her husband, while he claims she helped very little. The parties eventually planned to sell the house and purchase a bigger piece of property.

Due to the improvements plus a general inflation in property values in the area, the property increased in value from the original purchase price of $28,000 to a value set by the trial judge at $55,000. This price was agreed upon by both parties. The net value of the marital estate, determined by subtracting the value of other debts from the estate, is $21,000.

The marital property subject to distribution by the District Court consists of the following: the family home, $55,000; proceeds from the sale of a 1976 Vega, $1,500; and, a Ventura camper, $1,500. The total assets therefore were valued at $58,000. Debts of the marital estate, owing on the house and other debts consolidated into home refinancing, were $34,000, leaving $24,000 in net assets.

Two issues are before this Court: (1) Does this Court have jurisdiction over the appeal; and (2) did the District Court abuse its discretion in apportioning the marital property of the parties?

The first issue stems from the District Court's order entered on September 12, 1980. The order modified the findings of fact and conclusions of law more than fifteen days after submission of appellant's post-trial motions. By

exceeding the time period mandated by Rule 59, M.R.Civ.P., the District Court divested itself of jurisdiction to determine the motion, and its order was a nullity. Marvel Brute Steel Building, Inc. v. Bass (1980), ____ Mont. ____, 616 P.2d 380, 37 St.Rep. 1670. The original notice of appeal from the second decree, based on that order, was untimely under Rule 5, M.R.Civ.P., and we have no jurisdiction as to the second decree. See Price v. Zunchich (1980), ____ Mont. ____, 612 P.2d 1296, 37 St.Rep. 1058.

Appellant argues that this defect is cured by the appellant having lodged an appeal to the first decree. We agree. The notice of appeal to the first decree was filed long after its entry. However, the clerk of court inadvertently failed to file and serve the notice of entry of judgment of the first decree. Since there was no date to begin the time for notice of the appeal to be filed, the notice was not untimely. The time to appeal, therefore, did not expire, and Rule 5, M.R.App.Civ.P., was not violated. This Court can assume jurisdiction over the appeal. Haywood v. Sedillo (1975), 167 Mont. 101, 535 P.2d 1014.

The first and second decrees did not vary substantially, and the reasons for the appeal were identical. Respondent is not prejudiced by a surprising shift in the substantive nature of the appeal.

We now turn our attention to the main issue on appeal, whether there was an abuse of discretion by the District Court in apportioning the marital assets.

Appellant recognizes that the District Courts have broad discretion under Montana law in distributing marital property but argues that this discretion is not unbounded.

-4-

She argues that under section 40-4-202, MCA, the District Court cannot act arbitrarily and must consider all criteria under the statute so that there will be a just, equitable and reasonable distribution. This Court has a limited scope of appellate review and will not intervene except when the District Court has departed substantially from the norms of equity. In Re Marriage of Herron (1980), ____ Mont. ____, 608 P.2d 97, 37 St.Rep. 387; In Re Marriage of Jacobson (1979), ____ Mont. ____, 600 P.2d 1183, 36 St.Rep. 1773. Appellant here alleges that the District Court departed substantially from the norms of equity and asks that this Court intervene.

In In Re Marriage of Berthiaume (1977), 173 Mont. 421, 567 P.2d 1388, relying on Porter v. Porter (1970), 155 Mont. 451, 473 P.2d 538, we set the standard of review on appeal in cases involving claims that the District Court abused its discretion. These reasonable and understandable guidelines were followed by the District Court. There is nothing "arbitrary" in the District Court's determination, and we find no error.

There was no question concerning the distribution of the bulk of personal property of the parties nor with the custody of the child. The only question concerns the house. The values of the house, the car and the camper were agreed to by stipulation. Appellant takes no issue with the value of the car or the camper, and for all intents and purposes is satisfied with the grant to her of the balance of her downpayment on the house. The District Court's division of the house, the remaining asset, on other than a 50-50 basis is claimed as error by appellant.

This Court in In Re Marriage of Aanenson (1979), ____
Mont. ____, 598 P.2d 1120, 36 St.Rep. 1525, noted:

> "Although the District Court may equally divide the marital assets, such a distribution is not mandated by section 40-4-202, MCA. See Kuntz v. Kuntz (1979), Mont., 593 P.2d 41, 36 St.Rep. 662. Section 40-4-202 is flexible and it vests a good deal of discretion in the District Court. In Re Marriage of Jorgensen (1979), Mont., 590 P.2d 606, 609, 36 St.Rep. 233, 237. We have stated, before and after the adoption of the statute, that each case must be looked at individually, with an eye to its unique circumstances. Jorgensen, 590 P.2d at 609; Cook v. Cook (1972), 159 Mont. 98, 495 P.2d 591."

The record here indicates that the District Court made every effort to comply with all previous pronouncements in marital cases. By its pretrial order dated June 1980, the District Court specifically directed the parties to submit information concerning:

> "a. The net worth of the parties as of the filing of the Complaint.
>
> "b. Any property either claimed by right of inheritance or other qualified contribution.
>
> "c. All property that is subject to distribution, including the values thereof.
>
> "d. The manner in which said distribution shall be made."

This information was presented by both parties by way of proposed findings of fact and conclusions of law, complying with the requirements of In Re Marriage of McGill (1980), ____ Mont. ____, 609 P.2d 278, 37 St.Rep. 578. The District Court chose to adopt its own findings of fact and conclusions of law, rather than those submitted by either party, which indicates the District Court had the statutory requirements of section 40-4-202, MCA, in mind in arriving at its decision.

Appellant alleges that the District Court abused its discretion in distribution of the marital assets in two general ways. First, the court failed to address the factors enumerated in section 40-4-202, MCA, with specificity in findings of fact and conclusions of law drawn from the evidence before it. Second, the District Court acted so arbitrarily that the distribution of said marital assets under the circumstances was per se inequitable. We find otherwise. The court's directives to the parties and the court's findings of fact and conclusions of law show that what the District Court did does not warrant intervention. See In Re Marriage of Herron (1980), ____ Mont. ____, 608 P.2d 97, 37 St.Rep. 387.

A review of the findings of fact and conclusions of law dated July 16, 1980, and the order modifying the findings and conclusions dated September 12, 1980, whether taken together or separately, and when reviewed with the remainder of the total record, show that the District Court conscientiously gave consideration to the elements set forth in Jorgenson and cases cited therein, even if the court failed to "articulate" each item separately within its findings and conclusions.

While there is no question that appellant, as a housewife, acquired a vested interest in the property, the court specifically found that the wife "did not contribute by work or labor any appreciable efforts in improving the property." The record indicates that appellant did not reside with the husband during the entire time period in which the improvements to the property were made.

This case is not unlike our recent decision wherein

the appellant husband claimed to have made equal contributions to the "house" and therefore deserved one-half of the marital estate. In Re Marriage of Nunnally (1981), _____ Mont. _____, 625 P.2d 1159, 38 St.Rep. 529, 531. There we found the case reflected a careful and conscientious consideration of the appropriate factors and affirmed the District Court. We find the same result should be reached here.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices