No. 80-386

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

RONALD F. DUFFEY,

           Plaintiff and Appellant,

    -vs-

HARRIET DUFFEY,

           Defendant and Respondent.

Appeal from: District Court of the Fifth Judicial District,
In and for the County of Jefferson.
The Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

    For Appellant:

        Hull and Sherlock, Helena, Montana

    For Respondent:

        R. Thomas Garrison, Virginia City, Montana

Submitted on Briefs:  March 4, 1981

Decided:  JUL 16 1981

Filed:  JUL 16 1981

*Thomas J. Kearney*
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Ronald Duffey (the father) appeals from the judgment of the Jefferson County District Court denying his petition for modification of custody and granting the counterclaim of his ex-wife, Harriet Duffey (the mother) for increased child support, attorney's fees, and modification of the visitation rights.

The father claims that the trial court erred in increasing the amount of child support payments because it relied on the income of his present wife in increasing the award, and because the trial court speculated that the father's Social Security benefits would be increased in the future (the father is disabled and receives disability benefits including benefits for his children). He also claims that the trial court erred in granting the wife's attorney's fees and to reimburse the wife for her court costs. The father also claims that the court erred by modifying the visitation order to let him take the children one weekend a month rather than at least two Saturdays each month.

After the father had filed his petition to modify custody, at least five months went by before the matter was set for hearing. The mother did not file her response and counterclaim until the day of the hearing, in fact, she did so while the hearing was taking place. At the conclusion of the hearing, the court gave each party 15 days to submit proposed findings and conclusions. The father submitted his on time, but the mother obtained an ex parte extension from the court and filed hers at a later time. The father claims that the court should have granted his motion to strike the mother's response and counterclaim, and that the court erred

-2-

in giving her an extension to file her proposed findings and conclusions.

The parties were divorced in 1972 and both have remarried. They have previously litigated questions of child custody and child support. The father filed his last petition in November 1979, to obtain custody of the three children, and that petition was heard in May. At no time during the time the petition was filed and the hearing did the father take any action to compel the mother to file her response.

We must remand this cause for another hearing because it is clear that the trial court based its order for increased child support on improper considerations. First, in a memorandum accompanying the findings and conclusions, the trial court clearly implies that it considered the income of the father's present wife in its determination of the father's ability to pay increased child support. The implication is that since the wife was bound to support her disabled husband, that more of his income was therefore freed to support his children by a previous marriage. But section 40-6-217, MCA, states that "[A] married person is not bound to support his spouse's children by a former marriage . . ." and section 40-2-208, MCA, provides that "the property of a married person is not liable for the debts of the person's spouse contracted before the marriage." The clear effect of the court order is to make the father's present spouse's property or income indirectly available to pay child support for her husband's children by a previous marriage. Under these statutes, this cannot be done.

Second, the court premised the husband's ability to pay increased child support on the fact that he had his present wife deposit $1,200 in a Keogh Retirement Plan over a two year period, and that as of July 1, 1980, there had been a

14 percent increase in Social Security disability benefits, and that such benefits were sure to increase in the future. The trial court cannot base child support upon speculative conditions. Gall v. Gall (1980), ___ Mont. ___, 608 P.2d 496, 37 St.Rep. 639.

Third, there is no evidence in the record concerning the children's financial needs, and resources, nor the financial needs and resources of the mother and father. The law requires this evidence to be before the trial court. See, Olson v. Olson (1978), 175 Mont. 444, 574 P.2d 1004, 35 St.Rep. 175. Section 40-4-208(b), MCA, states that unless the parties agree in writing to a new arrangement for child support, child support can only be modified upon a showing so substantial and continuous as to make the original child support payments unconscionable. See, Firman v. Firman (1980), ___ Mont. ___, 610 P.2d 178, 37 St.Rep. 888, 890. The record contains no such showing and the trial court made no such finding.

We cannot affirm the trial court's award of attorney fees, small as it was--$200. We have repeatedly held that written findings are required to establish both the need and reasonableness of an award of attorney's fees. See, e.g., In Re Marriage of Gohner (1980), ___ Mont. ___, 609 P.2d 288, 37 St.Rep. 613, 615; Knudson v. Knudson (1980), ___ Mont. ___, 606 P.2d 130, 37 St.Rep. 147; In Re Marriage of Aanenson (1979), ___ Mont. ___, 598 P.2d 1120, 36 St.Rep. 1525, 1529; Downs v. Downs (1979), ___ Mont. ___, 592 P.2d 938, 940, 36 St.Rep. 577, 581. These cases are based on section 40-4-110, MCA. The trial court failed to make either of these essential findings, and for that reason alone the award of attorney fees must be vacated.

-4-

On the question of modification of visitation, we affirm the trial court, but also hold that in light of our remand, the trial court can then determine whether or not it wants to reconsider this part of its order. Before the hearing, the father was entitled to visitation on at least two Saturdays per month. He and the mother live a long distance apart. The father, mother, and children, testified that it was exceedingly hard having to travel to the father's home and back to the mother's home on the same day, in order to meet the Saturday visitation schedule. The father testified that Saturday visitation involved at least three and a half to four hours traveling time on a normal day, and up to six hours in the winter. He admitted that Saturday visitation is "not only expensive but it's hard on the kids and hard on everyone concerned." The trial court simply modified the visitation (see, section 40-4-217(3), MCA) so that it would serve the best interest of the children.

We briefly discuss the procedural questions raised. In effect, the father would have us grant him custody of the children by default; that is, because the mother failed to file her response within the time provided by the rules. We have consistently held, however, that any doubt in the late filing of an answer should be resolved by trial on the merits (Cure v. Southwick (1960), 137 Mont. 1, 349 P.2d 575; Brothers v. Brothers (1924), 71 Mont. 378, 230 P. 60), and custody cases present a compelling reason for a hearing on the merits. Further, the father is not without procedural fault here. After he filed his petition for custody, at least six months elapsed before the hearing, and during the interim, he could have moved the court to compel the mother to file an answer or to have her held in contempt of court if she failed to do so. The father did nothing.

We do not see error in the trial court granting an ex parte request of the mother to have additional time to file her proposed findings and conclusions. Rule 6(b)(1), M.R.Civ.P. gives this right to the court, and the father has not shown that the extension was given after the expiration of the time due for submission of the proposed findings and conclusions. Further, the father has failed to show how his substantial rights were prejudiced by the court's granting this extension.

The order is vacated and this cause is remanded to the District Court for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-6-