No. 82-243

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

IN RE THE MARRIAGE OF:

EARLENE C. WEST,

Petitioner and Appellant,

and

ARTHUR C. WEST,

Respondent and Respondent.

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade
Honorable H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

Alexander and Baucus, Great Falls, Montana
Gary M. Zadick, Great Falls, Montana

For Respondent:

Marra, Wenz, Johnson and Hopkins, Great Falls, Montana
Joe Marra, Great Falls, Montana

Submitted on briefs: September 30, 1982

Decided: April 21, 1983

Filed: APR 21 1983

*Ethel M. Harrison*

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Petitioner Earlene West, appeals an order of the Cascade County District Court denying her petition for modification of a child support decree. She contends first that the evidence is insufficient to support the trial court's findings, and second, that it was error for the trial court to adopt, verbatim, the proposed findings and conclusions submitted by the attorney for Arthur C. West, the father. Because the findings and conclusions fail to focus on the issues to be considered in a case such as this, we cannot review the case on the merits and we remand for another hearing and for entry of proper findings.

The findings and conclusions presented to the trial court by the father, focus entirely on the father's inability to pay increased child support. Not a mention is made as to whether the mother proved changed circumstances since the last child support order. In adopting verbatim these proposed findings and conclusions, verbatim, the trial court failed to consider the factors set forth in section 40-4-208, MCA, which sets out the factors to be considered where a petition for modification of child support has been filed.

Although we need not detail the evidence here, we believe the mother presented a prima facie case of changed circumstances that could have rendered the former decree unconscionable. In adopting the father's proposed findings and conclusions verbatim the trial court simply focused on what the father wanted the trial court to focus on--the cash flow situation presented to the trial court by the father.

A more accurate picture of the father's ability to pay could be obtained by an examination of the father's actual expenditures over this time period to support the life style in which he lived. This life style was somehow more plush than the evidence of actual cash-flow he presented to the trial court. Perhaps proper discovery would have revealed his actual ability to pay rather than his ability to pay based solely on the father's testimony to his cash on hand.

We require trial courts to make specific and accurate findings which consider all relevant factors. Duffey v. Duffey (1981), ___ Mont. ___, 631 P.2d 697, 38 St.Rep. 1105. This case demonstrates the need for such findings. Although the ability to pay is clearly a factor in determining whether to order an increase of child support, it does not dispose of the questions of whether the mother here has proved a change of circumstances which may have rendered a previous order of support unconscionable. Here the trial court clearly failed to consider the factors set out in section 40-4-208, MCA, before concluding that the entire case could be disposed of by a declaration that the father did not have the ability to pay increased child support.

We again emphasize that we discourage the verbatim adoption of findings and conclusions presented by one of the parties to the litigation. See Sawyer-Adecor International v. Anglin (1982), ___ Mont.___, 646 P.2d 1194, 39 St.Rep. 1118; In Re Marriage of Beck (1981), ___ Mont. ___, 631 P.2d 282, 38 St.Rep. 1054; In Re Marriage of Tomaskie (1981), ___ Mont. ___, 625 P.2d 536, 38 St.Rep. 416. The losing party is entitled to know that he received the thoughtful consideration of the judge deciding the case rather than the

3

partisan consideration of the attorney representing the other side of the lawsuit.

The order of the District Court is vacated and the case is remanded for another evidentiary hearing and for entry of proper findings and conclusions.



_____
             Justice

We Concur:


_____
          Chief Justice


_____


_____
          Justices

Mr. Justice L. C. Gulbrandson specially concurring:

I concur in the result but not in the comments expressed therein.

_____
             Justice

4

Mr. Chief Justice Haswell, dissenting:

I would affirm the District Court.

It is a waste of time to remand this case to the District Court for another hearing and entry of findings. The District Court's findings reflect that the husband has no funds to pay increased child support, owes $50,000 with interest at 21-1/2% on two notes, that his expectations are for less income in 1982 than in 1981, and that much of what income he does have is in the form of unmarketable equities in construction projects.

In short, the husband is unable to make increased child support payments for lack of income. This is a sufficient basis for denying the wife's petition for increased child support under section 40-4-208, MCA. A further remand for additional hearing and findings will not change this simple fact. The law does not require idle acts. Section 1-3-223, MCA.

_____
Chief Justice

-5-